■ GEORGE LINDO et al., Respondents, v DALE EVANS, Defendant, and ROCCO ANTHONY, Also Known as ROCKY ANTHONY, Also Known as ANTHONY ROCKY, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant Rocco Anthony appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated May 6, 1983, which (1) granted plaintiffs' motion to sever so much of their action as is against him from so much as is against codefendant Evans and, thereupon for an inquest against him upon his default in answering and (2) denied his cross motion to vacate said default. Order reversed, in the exercise of discretion, without costs or disbursements, motion denied and cross motion granted upon condition that appellant's former attorney personally pay $100 in costs to plaintiffs within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry; if appellant's former attorney fails or refuses to pay, appellant may personally pay the penalty imposed within 40 days after service upon him of a copy of the order to be made hereon, with notice of entry, and may, if he be so advised, seek judgment against the offending counsel; in the event the condition is not complied with, order affirmed, with costs. Appellant's answer, dated February 18, 1983, is deemed timely served. Defendant Anthony's answer was served 10 days beyond the statutory 20-day period (CPLR 320, subd [a]). Plaintiffs had meanwhile moved to sever the claim against appellant and to set the matter down for an inquest because of the default. The reason proffered for the delay was "a back-up of legal documents to be typed" in the law office which had been assigned by defendant Anthony's insurer to handle the claim. While such practice on the part of a law office is not to be condoned, newly enacted amendments to the CPLR enable courts, in their discretion, to consider law office failure as an excuse for a default (CPLR 2005, 3012, subd [d], added L 1983, ch 318; *Brann v City of New York,* 96 AD2d 923; *Bernard v City School Dist.,* 96 AD2d 995). In view of the short length of the delay, the meritorious nature of the defense and the public policy in favor of resolving cases on the merits so that the expeditious disposal of cases does not become an end in itself (*Ninth Fed. Sav. & Loan Assn. v Quote Me,* 78 AD2d 619), we deem it more appropriate for Special Term to have denied plaintiffs' motion and granted the cross motion to vacate the default. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.