■ ROBERT KAVENY, Individually and as Administrator of the Estate of DOROTHY M. KAVENY, Deceased, Appellant, v ROBERT M. FINE, Respondent.—Kane, J. P. Appeal from an order of the Supreme Court at Special Term (White, J.), entered April 8, 1985 in Washington County, which granted defendant's motion to dismiss two actions for failure to timely serve a complaint.

By service of summonses with notice, plaintiff commenced two actions against defendant. One action was commenced on July 16, 1982 and the second on May 31, 1984. In each action, there was a timely appearance by defendant, together with a demand for a complaint. No complaint was served and, on or about January 28, 1985, defendant moved to dismiss the actions based on plaintiff's failure to serve a complaint *(see,* CPLR 3012 [b]). After receipt of defendant's motion papers, plaintiff served a complaint which was rejected by defendant. In due course, Special Term granted defendant's motion and this appeal ensued.

There should be an affirmance, as we agree with Special Term's conclusion that plaintiff has failed to demonstrate the existence of a meritorious claim. The only affidavit submitted in opposition to defendant's motion was executed by plaintiff's attorney. This affidavit recites conclusory allegations which are insufficient to demonstrate the merit of plaintiff's contentions of medical malpractice* *(see, Horvath v Bayonne Hosp.,* 99 AD2d 824; *Schiraldi v Brooklyn Cumberland Hosp.,* 70

---

* The record also contains an affidavit executed by plaintiff's attorney on August 9, 1985. Since this affidavit was prepared after the order on appeal was entered, it could not have been considered by Special Term. Accordingly, the affidavit is not properly included in the record on appeal.

AD2d 911, *lv dismissed* 49 NY2d 760; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3012.15).

Plaintiff's counsel asserted that the delay was caused by problems finding a medical expert to review the lengthy medical records involved. This excuse is inadequate in the context of this case *(see, Horvath v Bayonne Hosp., supra; Cohen v First Natl. City Bank,* 75 AD2d 837, *affd* 52 NY2d 863). The order should therefore be affirmed.

Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.

