OPINION OF THE COURT
Nicholas A. Clemente, J.
This action in medical malpractice was commenced against defendant Brookdale Hospital Medical Center on July 8, 1986 and against defendant Mario Rottenberg on July 15, 1986 by service of a summons and verified complaint.
*269 On July 8, 1986 the CPLR was amended so as to add a new section, 3012-a, which provides in part the following:
"(a) In any action for medical or dental malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the plaintiff, declaring that:
"(1) the attorney has reviewed the facts of the case and has consulted with at least one physician or dentist who is licensed to practice in this state or any other state and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action * * *
"(e) For purposes of this section, and subject to the provisions of section thirty-one hundred one of this chapter, an attorney who submits a certificate as required by paragraph one or two of subdivision (a) of this section and the physician or dentist with whom the attorney consulted shall not be required to disclose the identity of the physician or dentist consulted and the contents of such consultation; provided, however, that when the attorney makes a claim under paragraph three of subdivision (a) of this section that he was unable to obtain the required consultation with the physician or dentist, the court may, upon the request of a defendant made prior to compliance by the plaintiff with the provisions of section thirty-one hundred of this chapter, require the attorney to divulge to the court the names of physicians or dentists refusing such consultation * * *
"(g) The plaintiff may, in lieu of serving the certificate required by this section, provide the defendant or defendants with the information required by paragraph one of subdivision (d) of section thirty-one hundred one of this chapter within the period of time prescribed by this section.” (L 1986, ch 266, § 2.)
The foregoing statute applies to all actions commenced on or after its effective date of July 8, 1986 (L 1986, ch 266, § 44 [!])•
Plaintiffs served a "certificate of merit” on August 13, 1986, approximately one month after service of the summons and complaint. Paragraph 2 of the certificate, which is the substantive portion of the certificate, states: "I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this State and who I reasonably believe is knowledgeable with the relevant issues *270 involved herein, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action. Said consultation was verbal.”
Defendant Rottenberg now moves for summary judgment dismissing the action for failure to serve a certificate of merit with the complaint. In addition, Rottenberg contends that the absence in the certificate of any facts concerning the consultation renders it inadequate.
The defendant hospital also moves for summary judgment because of the same failure to comply with CPLR 3012-a.
In opposing the motion, plaintiffs assert that the Statute of Limitations will not expire on this action until June 1988. Thus, plaintiffs ask that the motion be denied as moot or that they be permitted to re-serve their complaint.
Two issues are, therefore, presented. One relates to the relief available to a defendant for a plaintiff’s noncompliance with the new CPLR 3012-a, a matter upon which the statute is silent, while the second relates to the contents of a section 3012-a certificate of merit.
Defendants request summary judgment. On motions for summary judgment, courts look beyond the pleadings to discover the nature of the case (Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281). Ordinarily, summary judgment is not to be granted on the basis of technical defects in the pleadings (Bethlehem Steel Corp. v Solow, 72 AD2d 722). Key to the procedures of summary judgment motions which results in a final judgment on the merits (Collins v Betram Yacht Corp., 42 NY2d 1033) is issue finding not issue determining (D.B.D. Nominee v 814 10th Ave. Corp., 109 AD2d 668, 669).
In fact, the only ground upon which summary judgment may be granted, as set forth in CPLR 3212 (b), is "that there is no defense to the cause of action or that the cause of action * * * has no merit.”
Nevertheless, a request seeking summary dismissal for punitive reasons (frequently for failure to obey disclosure requirements pursuant to CPLR 3126 [3]) is often denominated as one for summary judgment. Such motions, however, must demonstrate a willful disregard of a court order before the drastic relief of dismissal is imposed.
To merely state these principles is sufficient to indicate the utter inappropriateness of the remedy sought. The point raised by defendants does not reflect at all on whether there *271 are issues present necessitating a trial. The defect in plaintiffs’ pleadings must in all events be deemed a matter of form or technical defect since, by now, the certificate of merit has been served. Thus, to grant the motions would result in a final judgment on a case in which there has only recently been joinder of issue. Moreover, there is no allegation of contumacious conduct that might warrant dismissal. Accordingly, I conclude that the motions for summary judgment should not be granted.
It must be pointed out that even if the court were to construe the motions as ones to dismiss pursuant to CPLR 3211, the result would be the same because the certificate of merit is required to be served with the complaint not with the summons. Therefore, a violation of CPLR 3012-a is not jurisdictional in nature.
To reach such conclusion does not, however, deal with the issue of what the effect of a violation of section 3012-a should be. As previously noted, there is no indication within section 3012-a of the penalty for its violation.
In seeking to determine the effect of a violation of section 3012-a, it is helpful to bear in mind the fundamental rule that a statute is to be construed as a whole and that all parts of an act are to be read and construed together to determine the legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes § 97). In examining CPLR 3012-a (g), which alludes to disclosure under CPLR 3101 (d), the conclusion is reinforced that the certificate of merit requirement is related to early disclosure rather than being the sine qua non for commencement of an action. In other words, since the certificate of merit requirement is satisfied by compliance with the disclosure requirement set forth in CPLR 3101 (d) (1), there is reason to believe that the penalty for violation of section 3012-a should be found within the sanction provisions of article 31 that deal with noncompliance of disclosure requirements (i.e., CPLR 3124, 3126) rather than within the summary judgment provisions of CPLR 3212.
Even more significant than CPLR 3101 (d), in placing the certificate of merit requirement in perspective, is CPLR 8303-a. CPLR 3012-a was adopted in 1986 as a follow-up to extensive legislative action in 1985 to deal with and reduce the cost of resolving dental and medical malpractice cases (Governor’s mem, 5 CLS Session Laws Adv Legis Serv, at Gm-179).
As part of the 1985 legislation, CPLR 8303-a was adopted *272 which provided that in "frivolous” dental and medical malpractice cases, the court may impose costs and attorneys’ fees against a party or against the attorney for such party.
CPLR 8303-a (c) provides: "(c) In order to find the action * * * frivolous * * * the court must find * * * (ii) the action * * * was commenced or continued in bad faith without any reasonable basis in law or fact and could not be supported by a good faith argument for an extension, modification or reversal of existing law”.
The information required by the certificate of merit, which must be furnished by the attorney, rather than a party, compliments and even tracks the provisions of CPLR 8303-a by providing a basis for finding a lack of frivolity or alternatively, buttressing a finding by the court at some point in the proceeding that the action is, indeed, frivolous. Hence, when CPLR 3012-a is considered in that context it becomes apparent that summary dismissal of the action for lack of a certificate of merit in these circumstances is most premature since a meaningful decision as to frivolity could hardly be made at the very commencement of the action.
Accordingly, I conclude that mere failure to serve a certificate of merit with the complaint is not by itself a basis to dismiss the action. Nevertheless, some sanction must be fashioned for the failure. The nature of the sanction should, of course, be determined by the extent of the violation.
Given the newness of CPLR 3012-a and the attempted compliance within one month after service of the complaint, it is tempting to treat the violation as merely de minimis and ignore the transgression. CPLR 3012-a, however, was designed to effectuate the simultaneous service of the complaint and a certificate of merit (or an explanation for its absence). To hold that a violation of the statute is harmless or insignificant is to encourage its violation. This I decline to do.
Therefore, I conclude that plaintiffs’ late service of the "certificate of merit” is a nullity. Plaintiffs, however, based on the instant circumstances, are granted leave to re-serve the complaint together with the requisite certificate of merit within 20 days after service of a copy of an order to be entered herein.
Remaining for resolution is defendant Rottenberg’s contention that the certificate of merit as served contains insufficient information. This contention lacks merit.
The language used in the certificate of merit, as set forth *273 supra, follows the very language of CPLR 3012-a (a) (1). Thus, there is no basis to attack the sufficiency of the certificate of merit.
The motions are denied except that the purported "certificate of merit” is deemed a nullity.