OPINION OF THE COURT
Henry G. Gossel, J.
This is a motion in a medical malpractice action made by the defendants, Schwartz and Millard Fillmore Hospital, seeking a dismissal on the merits of the action pursuant to CPLR 3012-a on the grounds that a certificate of merit did not *1066 accompany the service of the complaint as is required by said section.
A summons with notice was served on defendant Schwartz on December 20, 1986 and, in response to a notice of retainer and demand for complaint served on January 7, 1987, the complaint was received by the movant on January 29, 1987. Defendant Millard Fillmore Hospital was served a complaint, in response to a notice of retainer and demand for complaint, on January 22, 1987. Counsel for the plaintiff admits the failure to serve the required certificate with the complaint due to inadvertence, however, tendered such a certificate together with their answering affirmation to this motion. The certificate and answering affirmation are dated February 17, 1987.
The plaintiff in the summons with notice and in the complaint alleges medical malpractice from on or about November 24, 1983 and continuing until on or about June 25, 1984. Neither movant raises any question regarding the timeliness of service of the summons with notice, and therefore the court, for the benefit of the exact question presented, presumes timely service of both movants.
The certificate, made by the plaintiff’s lawyer, required by the section was served by mail on the movants’ counsel on or about February 17, 1987. Plaintiff’s counsel, in his affidavit, states that earlier compliance was not effected due to inadvertence on his part and further states that there has been no showing of any prejudice to the movants and therefore the defendants’ motion should be denied.
The relief requested by the movants of dismissal on the merits would summarily dispose of the plaintiff’s claim, whether it be meritorious or not, since the Statute of Limitations for a medical malpractice action has run by the date of the within motions. (CPLR 214-a.)
Pursuant to the statute (CPLR 3012-a), the certificate in question is to be served with the complaint and not with the summons, and therefore is not a jurisdictional requirement. In the section itself there is no stated sanction for noncompliance and, in fact, there is a specific exemption to compliance stated if the plaintiff is not represented by an attorney (CPLR 3012-a [f]). Likewise there are alternatives regarding the service of the certificate under certain circumstances (CPLR 3012-a [a] [2]) when the attorney was unable to obtain the required consultation because of time limitation, and (CPLR 3012-a [g]) when the plaintiff provides the CPLR 3101 (d) (1) information, *1067 for example. This further embraces the fact that the section is not jurisdictional in nature and addresses form rather than substance. The section was enacted in compliance with the general theme of the 1986 legislative program to review the medical malpractice procedures in the courts and to particularly avoid frivolous medical malpractice litigation as the 1985 enactment of CPLR 8303-a did also.
The court embraces the well-accepted policy that actions should be considered on their merits, particularly when there is no showing of prejudice suffered by the movant. The potential meritorious nature of the action is demonstrated, which it is here, by the service, though late, of the required certificate, the very subject of the motion, and the short length of delay of the service required. (Stark v Marine Power & Light Co., 99 AD2d 753; Lindo v Evans, 98 AD2d 765.)
Likewise the default in question, as characterized above, and counsel’s admitted inadvertence resulting in it, is the purpose of CPLR 2005 addressing such instances of law office failure and while such defaults are not condoned, the court in its discretion and in the interest of justice, relieves the plaintiff of such default and considers the certificate as timely, denying the relief requested by the movants. (Lindo v Evans, supra.)
To consider the late service of the certificate a "nullity” as the court did in Steinberg v Brookdale Hosp. Med. Center (134 Misc 2d 268) since the Statute of Limitations has expired would be inappropriate. As an alternative, the court could have dismissed the action and permitted commencement of a new action upon the same cause of action pursuant to CPLR 205; however, although it does not encourage such defaults nor treat the violation as merely de minimis, it is more appropriate and less cumbersome to deny the motion and permit the service to stand.