OPINION OF THE COURT
Raymond E. Cornelius, J.
Based upon reasons, hereinafter set forth in detail, the court holds that service of a complaint in a medical or dental malpractice action, unaccompanied by a certificate of merit as required under CPLR 3012-a, constitutes a jurisdictional defect, and renders the action subject to dismissal pursuant to CPLR 3211 (a) (2).
On or about December 9, 1986, the plaintiff commenced an *278 action against the defendant by service of a summons and complaint, which sought damages for alleged negligent dental treatment. Plaintiff alleged that he sustained injuries, which consisted of "an acute blepharospasm on the right side with lost partial sight of his right eye and occasional spasms.” Pursuant to an order, dated May 8, 1987, the defendant was directed to show cause why a default judgment should not be entered against him for failure to serve an answer. Thereafter, the defendant made a motion for dismissal of the complaint, pursuant to CPLR 3211, on the basis that the complaint was not accompanied by a certificate of merit, as required by CPLR 3012-a.
On January 13, 1987, counsel for the plaintiff wrote a letter to the defendant, in which he was advised that unless an answer was received from his professional liability carrier on or before January 20, 1987, a judgment would be entered against him. In an apparent response thereto, the defendant wrote a letter, dated January 27, 1987, in which he advised the attorneys for plaintiff that he did not have professional liability insurance and would be acting on his own behalf. Thereafter, several additional letters were sent to the defendant, dated February 12, 1987 and April 24, 1987, in which he was again told that he was in default for failure to serve an answer.
CPLR 3012-a became effective July 8,1986, and is applicable to actions commenced on or after that date. (L 1986, ch 266, § 44, as amended by L 1986, ch 267, § 1.) It was part of the legislative effort to address the crisis, within the medical and dental professions, resulting from the high cost of professional liability insurance. The Legislature made certain findings in connection with the enactment of these laws, and, in relevant part, stated as follows: "The legislature further finds that requiring certificates of merit in medical and dental malpractice actions, together with similar reforms enacted previously, will improve the quality of medical malpractice adjudications and deter the commencement of frivolous cases.” (L 1986, ch 266, § 1.) In essence, the statutory scheme enacted by the Legislature, based upon these findings, was to require an attorney to certify that he has reviewed the facts of the case, consulted with at least one physician or dentist, and has concluded that there is a reasonable basis for the action. (CPLR 3012-a [a] [1].) There are several exceptions, pertaining to the inability to obtain a consultation because of time limitations or unsuccessful attempts, but, again, the attorney *279 must execute a certificate to that effect. (CPLR 3012-a [a] [2], [3].)
In opposition to the defendant’s motion, the plaintiff contends that the failure to serve a complaint accompanied by the certificate required under CPLR 3012-a is not a jurisdictional defect which would render the complaint subject to dismissal for lack of subject matter jurisdiction under CPLR 3211 (a) (2). The words "jurisdiction”, or conversely, "lack of jurisdiction”, are frequently used terms in the law, but seldom defined with any degree of precision. Nevertheless, the court would agree that "the term 'jurisdiction’ is broad, and means, generally speaking, the authority of the court to hear and determine the cause.” (1 Carmody-Wait 2d NY Prac § 2:77, at 91.) Similarly, but in more detail, the following definition has been offered: "Subject matter jurisdiction has been defined as the 'power to adjudge concerning the general question involved and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under the general question.’ ” (4 Weinstein-KornMiller, NY Civ Prac [j 3211.09, citing Hunt v Hunt, 72 NY 217, 229 [1878].) In addition to other reasons, lack of subject matter jurisdiction may occur because "the state has explicitly denied any of its courts or agencies the power to entertain a specific cause of action.” (4 Weinstein-Korn-Miller, NY Civ Prac || 3211.09.) As above quoted, the clear intent of the Legislature, in enacting CPLR 3012-a, was to "deter the commencement of frivolous cases.” (L 1986, ch 266, § 1, op cit.; emphasis added.) Therefore, the court concludes that the failure to accompany a complaint with a properly executed certificate of merit is a defect, which deprives the court of subject matter jurisdiction, and requires dismissal of the complaint pursuant to CPLR 3211 (a) (2). Whether or not the commencement of frivolous malpractice actions is a significant cause of the crisis involving professional liability insurance is subject to debate. Nevertheless, such cases do exist, and sometimes place counsel for the plaintiff in the embarrassing position of being unable to establish a prima facie case, and therefore proceed with trial, because of ethical considerations. (See, e.g., Cohen v Tzimas, 135 Misc 2d 335.)
In regard to the question of jurisdiction, it is recognized that several courts have adopted a contrary position. In one such case, the defendant’s motion for summary judgment, based upon the failure to serve a certificate of merit with the complaint, was denied, and the court, in dictum, stated that *280 the result would have been the same had the motion been made pursuant to CPLR 3211. (Steinberg v Brookdale Hosp. Med. Center, 134 Misc 2d 268 [1986].) The court then attempted to fashion a remedy for the failure to comply with CPLR 3012-a, and concluded that this section is related to the disclosure requirements of CPLR article 31, and, therefore, governed by the sanctions contained in that article. Presumably, if the Legislature had intended that the certificate of merit simply be an early form of disclosure, the provisions thereof would have been placed within article 31. The court also made reference to CPLR 8303-a, which grants authority to impose costs and reasonable counsel fees not exceeding $10,000 in "frivolous” dental, medical or podiatric malpractice actions. The term "frivolous” is further defined as actions commenced in "bad faith” for an improper motive, such as to prolong litigation or harass another, or without any reasonable basis in law or fact. (CPLR 8303-a [c] [i], [ii].) Thus, it does not necessarily follow that an action commenced, without filing a certificate of merit with the complaint, is frivolous, based upon these very stringent definitions.
In Steinberg v Brookdale Hosp. Med. Center (supra) the court ultimately determined the late service of the certificate of merit to be a nullity, and permitted the plaintiff to re-serve the complaint together with the requisite certificate within a certain time period. This approach was considered inappropriate in another case, where the Statute of Limitations had expired, and the court declined to apply any remedy for the failure to serve a certificate of merit. (Cirigliano v DePerio, 134 Misc 2d 1065 [1987].)* Again, based upon the legislative history, which has been outlined above, it is respectfully submitted that this is not a result which could have been intended by the enactment of CPLR 3012-a.
In the pending case, the plaintiff also argues that he was relieved of the necessity to serve a certificate of merit because of a demand for the bill for services which had been rendered to him. More specifically, counsel for the plaintiff wrote a letter dated November 26, 1984, addressed to the East Avenue Dental Health Center, for whom the defendant had been employed at that time, and requested a copy of the plaintiff’s "medical bill for 1984”. In addition, counsel states, in an affidavit, that he made a telephone call to the defendant’s *281 office on two occasions, and made the same request, but it was never received. Assuming these facts to be true, the court, nevertheless, does not interpret a demand for a bill for services to come within the provisions of CPLR 3012-a (d), which reads as follows: "(d) If a request by the plaintiff for the records of the plaintiff’s medical or dental treatment by the defendants has been made and such records have not been produced, the plaintiff shall not be required to serve the certificate required by this section until ninety days after such records have been produced.” (Emphasis added.) In short, a bill for services would not qualify as a record of treatment, the latter being useful to any expert with whom plaintiff’s counsel wishes to initially consult for purposes of executing a certificate of merit. Furthermore, the written demand for the bill for services, in this case, was made upon a nonparty, and any demands upon the defendant, himself, were not written.
Based upon the foregoing reasons, it is hereby,
Ordered that the plaintiff’s motion' for judgment is hereby denied, and it is further,
Ordered that the defendant’s motion to dismiss the complaint, pursuant to CPLR 3211 (a) (2), is hereby granted.

 The court did recognize the alternative of dismissal of the action, and commencement of a new action pursuant to CPLR 205.