OPINION OF THE COURT
Fred T. Santucci, J.
This is a motion by defendant H.I.P. Hospital, Inc., doing business as LaGuardia Hospital (hereinafter H.I.P.), for leave to reargue its prior motion to dismiss which resulted in an order of this court dated September 8, 1987. Leave to reargue is granted. Upon reargument, the court vacates its September 8, 1987 order and substitutes the following:
In this medical malpractice action, defendant H.I.P. moves *712 to dismiss the complaint for failure to comply with CPLR 3012-a.
Insofar as is relevant herein, CPLR 3012-a requires that in any action for medical malpractice the complaint shall be accompanied by a certificate, executed by the attorney for plaintiff, stating that the attorney has reviewed the facts of the case and has consulted with at least one physician and, on the basis of such review and consultation, has concluded that there is a reasonable basis for the commencement of the action. Plaintiffs herein did not serve the certificate of merit with their complaint. Defendant contends that such a failure is a jurisdictional defect requiring dismissal of the complaint. In opposition to the motion to dismiss, plaintiffs’ attorneys argue that the lack of the certificate of merit was a technical defect caused by their inadvertence, and they have served the certificate together with their opposition papers.
The court rejects the argument that the requirement of CPLR 3012-a is jurisdictional. (Cirigliano v DePerio, 134 Misc 2d 1065; Steinberg v Brookdale Hosp. Med. Center, 134 Misc 2d 268; contra, Hannah v McLaughlin, 137 Misc 2d 277.) Obviously, the absence of a certificate of merit from a complaint cannot affect the subject matter jurisdiction which this court possesses over medical malpractice actions. Nor can it affect the jurisdiction of the person of a defendant which is acquired by the service of a summons. (CPLR 304.)
However, in view of the mandatory language of CPLR 3012-a, the absence of a certificate of merit does render the pleading defective and susceptible to a motion to dismiss akin to a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Thus, just as the court may grant leave to plead again when dismissing a complaint for insufficiency if it is satisfied that a plaintiff has good ground to support his cause of action (CPLR 3211 [e]), the court may allow the late service of a certificate of merit rather than dismissing the complaint if it is similarly satisfied. To justify the granting of such leave, a plaintiff must submit evidence that could properly be considered on a motion for summary judgment demonstrating that he has a meritorious cause of action. (CPLR 3211 [e].)
In the instant case, although plaintiffs have submitted the hospital records for decedent Jeremiah Sullivan, the court is *713 not able to determine the merits of plaintiffs’ action so as to justify leave to serve a late certificate of merit without an affidavit from a qualified medical expert attesting to same. Thus, this motion will be held in abeyance for 45 days from the date hereof to allow plaintiffs to submit such evidence.