MARIE SANTANGELO et al., Respondents, v ELLIOT RASKIN, Appellant.

Second Department, May 9, 1988

---

## APPEARANCES OF COUNSEL

*Shapiro, Shiff, Beilly, Rosenberg & Fox (Lewis Rosenberg* and *Roy Karlin* of counsel), for appellant.

*Roura & Melamed (Fred R. Profeta, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

LAWRENCE, J.

██ On this appeal, we are asked for the first time to interpret part of the recently enacted legislation concerning medical malpractice actions. Specifically, at issue is the consequence of the plaintiffs' failure to comply with CPLR 3012-a, which requires, in pertinent part, that a "certificate of merit" is to be annexed to the complaint served in a medical malpractice action. Under the circumstances herein, we find that in seeking to excuse their default in serving such a certificate, the plaintiffs should be required to show a reasonable excuse for their failure to comply with CPLR 3012-a and legal merit to the medical malpractice claim.

### I

The relevant facts, which are undisputed, may be briefly stated.

On or about July 22, 1986, the plaintiff Marie Santangelo (and her husband, the plaintiff Louis Santangelo, who asserted a derivative claim) commenced this medical malpractice action to recover damages based upon the defendant's purported five-month delay in diagnosing a cancerous condition in the female plaintiff. While the summons and complaint were served upon the defendant, the plaintiffs' counsel has conceded that no certificate as required by CPLR 3012-a was annexed to the complaint. Nor does the record contain any evidence that as an alternative to service of the certificate, the plaintiffs served the information required by CPLR 3101 (d) (1) (*see,* CPLR 3012-a [g]).

Subsequently, after unsuccessfully attempting to get the

plaintiffs' counsel to voluntarily comply with CPLR 3012-a, the defendant moved, in pertinent part, to dismiss the complaint on the merits on the ground of the plaintiffs' noncompliance with the statute. In opposition to this motion, the plaintiffs, by their attorney's affirmation, claimed that they had inadvertently failed to serve the certificate required by CPLR 3012-a (a) (1), and that there had been consultation with physicians, after which a positive finding of malpractice had been reached by one of the consulted physicians. In addition, the plaintiffs' counsel annexed to his affirmation a certificate of merit, pursuant to CPLR 3012-a (a) (1).

The Supreme Court, Richmond County, in pertinent part, denied that branch of the defendant's motion which was to dismiss the complaint because of the plaintiffs' failure to comply with CPLR 3012-a, without opinion.

## II

CPLR 3012-a, added to the CPLR by Laws of 1986 (ch 266, § 2), and applicable to medical and dental malpractice actions commenced on or after July 8, 1986, provides, in pertinent part, as follows:[1]

"§ 3012-a. Certificate of merit in medical [and] dental * * * malpractice actions

"(a) In any action for medical [or] dental * * * malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the plaintiff, declaring that:

"(1) the attorney has reviewed the facts of the case and has consulted with at least one physician * * * [or] dentist * * * who is licensed to practice in this state or any other state and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action; or

"(2) the attorney was unable to obtain the consultation required by paragraph one of this subdivision because a limitation of time, established by article two of this chapter, would bar the action and that the certificate required by paragraph one of this subdivision could not reasonably be obtained before such time expired. If a certificate is executed

---

1. The statute was amended in 1987 to apply to podiatric malpractice actions (L 1987, ch 507).

pursuant to this subdivision, the certificate required by this section shall be filed within ninety days after service of the complaint; or

"(3) the attorney was unable to obtain the consultation required by paragraph one of this subdivision because the attorney had made three separate good faith attempts with three separate physicians [or] dentists * * * to obtain such consultation and none of those contacted would agree to such a consultation * * *

"(g) The plaintiff may, in lieu of serving the certificate required by this section, provide the defendant or defendants with the information required by paragraph one of subdivision (d) of section thirty-one hundred one of this chapter within the period of time prescribed by this section".[2]

## III

In determining whether any sanction is to be imposed for a violation of the statutory requirements of CPLR 3012-a, we initially note that this issue has been considered by several courts at the trial level (see, *Sullivan v H.I.P. Hosp.,* 138 Misc 2d 711; *Hannah v McLaughlin,* 137 Misc 2d 277; *Cirigliano v DePerio,* 134 Misc 2d 1065; *Steinberg v Brookdale Hosp. Med. Center,* 134 Misc 2d 268).

These courts have come to contrary conclusions as to whether and what type of a sanction should be imposed because of a plaintiff's failure to comply with CPLR 3012-a. We agree with them insofar as they acknowledge that in the absence of a sanction provision in the statute, we must examine the intent of the Legislature in enacting the provision, as evidenced by the legislative finding, the statutory language, and the placement of the statute in CPLR article 30 in determining the issue.

---

2. CPLR 3101 (d) (1), as amended by Laws of 1985 (ch 294, § 4) and Laws of 1986 (ch 485, § 4), provides, as follows: "(d) Trial preparation. 1. Experts. (i) Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion * * * In an action for medical, dental or podiatric malpractice, a party, in responding to a request, may omit the names of medical, dental or podiatric experts but shall be required to disclose all other information concerning such experts otherwise required by this paragraph".

The legislative intent was set forth in Laws of 1986 (ch 266, § 1), as follows: "The legislature * * * finds that requiring certificates of merit in medical * * * malpractice actions * * * will improve the quality of medical malpractice adjudications and deter the commencement of frivolous cases."

In order to effectuate this legislative intent, the statute, in pertinent part, requires "[an] attorney [to certify that he] has reviewed the facts of the case * * * consulted with at least one physician * * * [and] has concluded * * * that there is a reasonable basis for the * * * action" (see, CPLR 3012—a [a] [1]). While the statute provides for an attorney's inability to comply with paragraph (1) of subdivision (a), the attorney must nevertheless execute a certificate to that effect (see, CPLR 3012-a [a] [2], [3]).

■ Initially, we note that the plaintiffs' violation of the provisions of CPLR 3012-a does not divest the court of subject matter jurisdiction. The essential purpose of the statute is to provide that as part of the pleadings in a medical malpractice action, an appropriate certificate is served upon the defendant. However, "nowhere in the statute [does] the word 'jurisdiction' appear", nor is there "an explicit limitation on the court's competence to entertain the action" if the certificate is not annexed to the pleadings (see, Freccia v Carullo, 93 AD2d 281, 288). Therefore, the court does not lack subject matter jurisdiction if there has been a failure to comply with CPLR 3012-a. The requirements of the statute do not involve jurisdiction but were enacted to insure that the plaintiff has a valid cause of action (see also, Freccia v Carullo, supra, at 288; Lacks v Lacks, 41 NY2d 71, rearg denied 41 NY2d 862; Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166; Sullivan v H.I.P. Hosp., supra; Cirigliano v DePerio, supra; Steinberg v Brookdale Hosp. Med. Center, supra).

■ Nevertheless, contrary to the plaintiffs' contention, we find that the legislative finding and the mandatory statutory language indicates that the Legislature did not intend that a violation of the statute should be excused without some proof that there was a reasonable excuse for the default and that there is legal merit to the claim.

Additional support for this conclusion is evidenced by the fact that the statute has been placed in juxtaposition with CPLR 3012, which concerns the service of pleadings. In this latter, analogous section, the Legislature has specifically provided for the dismissal of an action when a complaint is not

properly served pursuant to CPLR 3012 (b), and that "[u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" *(see,* CPLR 3012 [d]; *see also,* CPLR 2004, 2005). In interpreting the pertinent provisions of CPLR 3012, it has been held that to avoid a dismissal for the failure to comply with that statute, in addition to compliance with the statutory requirement of a reasonable excuse for his default *(see, e.g., Kaveny v Fine,* 122 AD2d 304, 305; *De Vito v Marine Midland Bank,* 100 AD2d 530, 531), the plaintiff must submit evidentiary proof as to the meritorious nature of the claim which, in the usual medical malpractice action, includes an affidavit of merit from an appropriate medical expert *(see, e.g., Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685, 686; *Kaveny v Fine, supra,* at 304; *Estate of Ward v Hoffman,* 139 AD2d 691; *see also, Fiore v Galang,* 64 NY2d 999, 1001). Further, an appropriate monetary sanction can be imposed for a CPLR 3012 pleading default *(see, e.g., Stark v Marine Power & Light Co.,* 99 AD2d 753; *Andersen v De Ramon,* 99 AD2d 500; *see also, Passas v Razis & Ross,* 111 AD2d 377).

We therefore find that to avoid the sanction of dismissal of the action for a failure to comply with CPLR 3012-a, the plaintiff must present a reasonable excuse for the default in complying with the statute and legal merit to the complaint. As noted, a certificate of merit, pursuant to CPLR 3012-a (a) (1), was served with the plaintiffs' papers submitted in opposition to the defendant's motion. However, contrary to the plaintiffs' contention, the certificate which was prepared by an attorney and contained no evidentiary facts, does not satisfy the requirement of an affidavit of merit from a medical expert *(see also, Kaveny v Fine, supra; Egan v Federated Dept. Stores,* 108 AD2d 718, 719). The required submission of an appropriate affidavit of merit, at this stage of the proceedings, will facilitate the dismissal of frivolous actions, thereby fulfilling the Legislature's purpose in enacting the statute. The plaintiffs' additional argument that they could have obtained an extension of 90 days to serve the certificate of merit *(see,* CPLR 3012-a [a] [2]) is irrelevant since the plaintiffs did not avail themselves of this statutory extension by serving an appropriate certificate to that effect.

However, in light of the newness of the statutory requirements of CPLR 3012-a and the plaintiffs' interpretation of the

statute, which we now find inappropriate, the matter should be remitted to the Supreme Court, Richmond County, for further proceedings to afford the plaintiffs an opportunity to submit the proper proof to warrant excusing their default in complying with CPLR 3012-a, and for a new determination of that branch of the defendant's motion which was to dismiss the complaint for failure to comply with CPLR 3012-a.

Accordingly, the order should be reversed insofar as appealed from, on the law, with costs, and the matter should be remitted to the Supreme Court, Richmond County, to afford the plaintiffs an opportunity, if they be so advised, to submit further proof in accordance herewith, and for a new determination of that branch of the defendant's motion which was to dismiss the complaint. The plaintiffs' time to submit any further proof is extended until 45 days after service upon them of a copy of this opinion and the order to be made hereon, with notice of entry, and the defendant shall submit his reply papers within 20 days of service upon him of the plaintiffs' additional papers.

MANGANO, J. P., WEINSTEIN and RUBIN, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, to afford the plaintiffs an opportunity, if they be so advised, to submit further proof in accordance with the decision herein and for a new determination of that branch of the defendant's motion which was to dismiss the action for failure to comply with CPLR 3012-a; and it is further,

Ordered that the plaintiffs' time to submit any further proof is extended until 45 days after service upon them of a copy of this order and opinion with notice of entry and the defendant shall submit his reply papers within 20 days of service upon him of the plaintiffs' additional papers.