■ LAWRENCE SISARIO, JR., Appellant, v AMSTERDAM MEMORIAL HOSPITAL et al., Respondents, et al., Defendant.—Levine, J. Appeal from an order of the Supreme Court (White, J.), entered February 18, 1988 in Montgomery County, which conditionally granted motions by defendants Amsterdam Memorial Hospital and Roger Miller to dismiss the complaint.

In September 1987 plaintiff commenced a medical malpractice action against, among others, Roger Miller and Amsterdam Memorial Hospital (hereinafter collectively referred to as defendants). A certificate of merit was not attached to the complaint as required by CPLR 3012-a. After responsive pleadings were served by defendants, Miller moved, in pertinent part, to dismiss the complaint on the ground that plaintiff failed to comply with CPLR 3012-a. The hospital also moved for dismissal of the complaint on the same ground. In opposition to these motions, an attorney's affirmation was submitted stating that plaintiff had provided an adequate substitute for the certificate of merit by supplying information pertaining to expert witnesses pursuant to CPLR 3101 (d) (1) (see, CPLR 3012-a [g]). This information, contained in responses to defendants' discovery demands, was essentially that plaintiff had not yet determined who would testify as an expert witness at trial. Supreme Court ruled that this response by plaintiff was insufficient to satisfy the purpose of CPLR 3012-a, which is to require an attorney to attest to the merits of his client's medical malpractice case at the outset of the lawsuit. Supreme Court granted defendants a conditional order of dismissal requiring plaintiff to file a certificate of merit and pay each moving defendant $250 within 30 days. Plaintiff appeals from this order.

On appeal plaintiff contends that Supreme Court erred in imposing monetary sanctions for his noncompliance with

CPLR 3012-a, particularly since defendants were not prejudiced by the absence of a certificate of merit. We disagree. During the pendency of this appeal, the Second Department decided *Santangelo v Raskin* (137 AD2d 74), the first appellate authority concerning the appropriate consequences of a violation of the certificate of merit requirement. In *Santangelo,* the court held that, although the failure to serve a certificate of merit is not jurisdictional in nature, it may result in dismissal of the action unless plaintiff demonstrates a reasonable excuse for the failure to provide the certificate and that his claim has merit *(see, supra,* at 78-79; *see also, Sullivan v H.I.P. Hosp.,* 138 Misc 2d 711).

The instant case, however, does not simply involve an untimely certificate of merit *(see, Steinberg v Brookdale Hosp. Med. Center,* 134 Misc 2d 268) or the situation where the certificate has been tendered as part of the plaintiff's opposition to a motion to dismiss *(see, Santangelo v Raskin, supra; Sullivan v H.I.P. Hosp., supra; Cirigliano v DePerio,* 134 Misc 2d 1065). Here, instead of providing a proper certificate, plaintiff opposed defendants' motions to dismiss relying solely on the contention that his response to a discovery demand was adequate compliance with CPLR 3012-a (g). In our view, Supreme Court properly rejected this obviously meritless contention by plaintiff. Based on the foregoing, we conclude that Supreme Court did not err in granting defendants a conditional order of dismissal imposing a monetary sanction for plaintiff's unexcused failure to comply with CPLR 3012-a *(see,* Siegel, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3012-a [1988 Pocket Part], at 233).

Order affirmed, with costs to defendant Roger Miller. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.