DONNELL WHITE, JR., an Infant, by His Father and Natural Guardian, DONNELL WHITE, SR., Plaintiff, v BROOKDALE HOSPITAL MEDICAL CENTER et al., Defendants.

BROOKDALE HOSPITAL MEDICAL CENTER et al., Third-Party Plaintiffs, v KINGSBROOK JEWISH MEDICAL CENTER, Third-Party Defendant.

BROOKDALE HOSPITAL MEDICAL CENTER et al., Second Third-Party Plaintiffs, v MATTHEW NEGARI, Second Third-Party Defendant.

Supreme Court, Kings County, January 13, 1989

### APPEARANCES OF COUNSEL

*McAloon, Friedman & Mandell, P. C. (Steven C. Mandell* of counsel), for second third-party defendant. *Morris & Duffy (Steven J. Schultzman* of counsel), for third-party defendant. *Bower & Gardner (Alan H. Lieber* of counsel), for Brookdale Hospital Medical Center and another, defendants and second third-party plaintiffs. *Hoberman & Sussman, P. C. (Spencer H. Herman* of counsel), for plaintiff.

### OPINION OF THE COURT

NICHOLAS A. CLEMENTE, J.

Second third-party defendant Negari moves for an order

dismissing the action against him because the third-party complaint fails to set forth sufficient facts to state a cause of action and it was not accompanied by a CPLR 3012-a certificate of merit from the second third-party plaintiffs. He also contends that dismissal is warranted because of the tardiness of second third-party plaintiffs in commencing the action in that the preliminary conference order (to which he was not a party) called for third-party actions to be commenced within 30 days of completion of examinations before trial which here meant no later than December 19, 1987. Nevertheless, complains the movant, the first third-party action was started more than 60 days after December 19, 1987 and the second third-party action was started approximately six months after December 19, 1987. In the alternative, second third-party defendant asks that if his dismissal motion is denied, plaintiff's certificate of readiness should be stricken and the other parties directed to provide demanded discovery material.

In response to this motion, third-party defendant Kingsbrook Jewish Medical Center cross-moves for essentially the same relief. Plaintiff, on the other hand, cross-moves to limit further discovery by the third-party defendants and seeks to have defendants furnish a transcript of the examination before trial of nonparty witness. Significantly, plaintiff does not unequivocally complain about delay resulting from the tardily commenced third-party actions even though the primary defendants appear to have waived a medical malpractice panel while the third-party defendants may choose otherwise.

In my view, all motions should be denied except that the certificate of readiness should be stricken until third-party discovery is completed. Discovery requests will be dealt with at a preliminary conference which will take place on February 24, 1989. Of course, third-party defendants' discovery needs will not be circumscribed absent a compelling showing by plaintiff that limitations are warranted and not prejudicial. Two issues raised by third-party defendants do, however, warrant discussion. The first is whether a third-party plaintiff is required to serve the certificate of merit called for by CPLR 3012-a when commencing a third-party action and the second is whether the delay at bar justifies dismissal or severance of the third-party action.

CPLR 3012-a (a) (1) provides in part,

"(a) In any action for medical, dental or podiatric malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the *plaintiff,* declaring that * * *

"the attorney has concluded * * * that there is a reasonable basis for the commencement of such action" (emphasis supplied).

It is Negari's contention that all plaintiffs are equal and, therefore, this requirement also applies to third-party plaintiffs. While not directly addressing the issue here presented the court in *Santangelo v Raskin* (137 AD2d 74, 78) stated that CPLR 3012-a was enacted to insure that a *plaintiff* has a valid cause of action. Implicit in the analysis was not the characterization of a litigant but rather the identity of the physically injured party.

This observation leads us to the compelling reason why Negari's position does not bear scrutiny. Third-party plaintiffs' cause of action is not one for malpractice but for contribution. It is evident that CPLR 3012-a makes no reference to a certificate requirement for such a cause of action. It, therefore, follows that a third-party plaintiff is not such a plaintiff as is contemplated in CPLR 3012-a.*

In regard to the delay in commencing the third-party action, I have recently considered this issue in *Carlino v Cook* (NYLJ, Nov. 30, 1988, at 25, col 1). When judicial economy, as well as the absence of firm objection by plaintiff is considered, it is apparent that dismissal or severance is unwarranted. Furthermore, the time limit placed in the preliminary conference order was for plaintiff's benefit rather than third-party defendants. Significantly, this is not a case where the third-party action is commenced on the eve of trial or years after third-party plaintiff should have realized the appropriateness of a third-party action. Issue has been joined for approximately only two years. Stated otherwise, the third-party defendant cannot be the third-party beneficiary of the agreement between plaintiff and defendants.

The motion and cross motions are denied except as otherwise indicated by this memorandum.

---

* For example, assume that no third-party action was commenced and upon trial there was a judgment for plaintiff. Upon the commencement of an action by defendant against the third-party defendant would it not be absurd for defendant,now a plaintiff, to serve a certificate of merit? Not needing one then, then one is not required now.