■ CATHY KIRSCHBAUM, Respondent, v BROOKDALE HOSPITAL AND MEDICAL CENTER et al., Appellants, et al., Defendant.—In a medical malpractice action, (1) the defendant Norman Johanson appeals from so much of an order of the Supreme Court, Kings County (Pizzuto, J.), dated September 21, 1987, as (a) granted those branches of the plaintiff's motion which were to dismiss the affirmative defense of the Statute of Limitations interposed in his answer and for an extension of time to file a late notice of medical malpractice action, and deemed an amended notice of medical malpractice action to be timely served and (b) denied his cross motion to dismiss the complaint as against him based upon the plaintiff's failure to comply with CPLR 3012-a and CPLR 3406 (a), and (2) the defendants Brookdale Hospital and Medical Center, Hong Kim, Jack Adler, and Douglass H. Greenfield appeal from so much of the same order as denied their cross motion to dismiss the complaint as against them based upon the plaintiff's failure to comply with CPLR 3012-a.

Ordered that the order is modified, on the law by (1) adding to the second decretal paragraph thereof, after the word "granted", the words "with respect to the defendants Brookdale Hospital and Medical Center, Kim, Adler and Greenfield but is denied with respect to the defendant Johanson", (2) adding to the third decretal paragraph thereof, after the word "granted", the words "with respect to the defendants Brookdale Hospital and Medical Center, Kim, Adler and Greenfield, but is denied with respect to the defendant Johanson", and (3) by deleting the fourth decretal paragraph thereof and by substituting in its place the following provision: "ORDERED, that the branch of the defendant Johanson's cross motion

which was to dismiss the complaint as against him based upon the plaintiff's failure to comply with CPLR 3406 (a) is granted, and the branch of the defendant Johanson's cross motion which was to dismiss the complaint as against him based upon the plaintiff's failure to comply with CPLR 3012-a is dismissed as academic"; as so modified, the order is affirmed insofar as appealed from without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, to afford the plaintiff an opportunity, if she be so advised, to submit further proof in accordance herewith and for a new determination of the cross motion of the defendants Brookdale Hospital and Medical Center, Kim, Adler and Greenfield to dismiss the action as against them based on the plaintiff's failure to comply with CPLR 3012-a; and it is further,

Ordered that the plaintiff's time to submit any further proof is extended until 45 days after service upon her of a copy of this decision and order with notice of entry and the defendants Brookdale Hospital and Medical Center, Kim, Adler and Greenfield shall submit their reply papers within 20 days of service upon them of the plaintiff's additional papers.

The instant action was commenced to recover damages for conscious pain and suffering and wrongful death, caused by the alleged malpractice of the defendants, including the defendant Johanson. The complaint alleged, *inter alia,* that the plaintiff's decedent was continuously treated by the defendants, including the defendant Johanson, from July 19, 1984, up to and including, August 4, 1984, when the plaintiff's decedent died. The summons in the instant action was filed with the Kings County Clerk, pursuant to CPLR 203 (b) (5), on July 2, 1986. Thereafter, the defendant Johanson was personally served, pursuant to CPLR 308 (1), on July 23, 1986. Under these circumstances, the plaintiff's claims were interposed against the defendant Johanson on July 2, 1986, when the summons was filed with the County Clerk *(see,* CPLR 203 [b] [5]; *Berkshire Life Ins. Co. v Fernandez,* 71 NY2d 874). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the affirmative defense of the Statute of Limitations interposed by the defendant Johanson in his answer.

However, that branch of the defendant Johanson's cross motion which was to dismiss the complaint as against him based upon the plaintiff's failure to comply with CPLR 3406 (a) should have been granted. In this medical malpractice action it was incumbent upon the plaintiff, pursuant to CPLR 3406 (a), to file a notice of medical malpractice action not

more than 60 days after issue was joined. The plaintiff failed to comply with this requirement. It is true that a plaintiff may move for an extension of time to file a notice of medical malpractice action after the 60-day period has expired, and that such a motion may be granted "upon good cause shown" (CPLR 2004; *see also,* 22 NYCRR 202.56 [a] [3]), i.e., upon the submission of papers demonstrating a reasonable excuse for the delay and a meritorious claim *(Tewari v Tsoutsouras,* 140 AD2d 104). The plaintiff herein requested such relief in one branch of her motion. The defendant Johanson, in his cross motion to dismiss the complaint, opposed the granting of such relief, and correctly argued that the papers submitted by the plaintiff in support of that branch of her motion which was for leave to file a late notice of medical malpractice action did not satisfy the standard set forth in *Tewari v Tsoutsouras (supra).* The other defendants did not, in their cross motion to dismiss, oppose this branch of the plaintiff's motion, and thus waived any objection thereto.

The defendant Johanson, in another branch of his cross motion, and the defendants Brookdale Hospital and Medical Center (hereinafter Brookdale), Kim, Adler and Greenfield, in a separate cross motion, also moved to dismiss the complaint based on the plaintiff's failure to comply with CPLR 3012-a. CPLR 3012-a, requires, *inter alia,* that the complaint in a medical malpractice action be accompanied by a certificate of merit. However, CPLR 3012-a is only applicable to those medical malpractice actions commenced on or after July 8, 1986. The defendants Brookdale, Kim, Adler and Greenfield were served on the following dates: July 14, 1986 (the defendant Brookdale), July 18, 1986 (the defendants Greenfield and Adler), and July 22, 1986 (the defendant Kim). "An action is commenced and jurisdiction acquired by service of a summons" (CPLR 304). Since the plaintiff's action was commenced against these defendants, as well as the defendant Johanson, after July 8, 1986, it was necessary that the complaint served upon them be accompanied by a certificate of merit pursuant to CPLR 3012-a. The plaintiff herein failed to satisfy this requirement. In *Santangelo v Raskin* (137 AD2d 74), a medical malpractice action was commenced against the defendant on July 22, 1986, but no certificate of merit, as required by CPLR 3012-a, was annexed to the complaint. In that case, this court held that the Supreme Court could impose the sanction of dismissal based upon a plaintiff's failure to comply with CPLR 3012-a, and that to avoid the sanction of dismissal, the plaintiff had to "present a reasonable excuse for the default in

complying with the statute and legal merit to the complaint" *(Santangelo v Raskin, supra,* at 79). In *Santangelo v Raskin (supra),* this court took note of the fact that the action therein was commenced only two weeks after the effective date of CPLR 3012-a. Accordingly, "in light of the newness of the statutory requirements of CPLR 3012-a" *(supra,* at 79), this court remitted the matter to the Supreme Court "for further proceedings to afford the plaintiffs an opportunity to submit the proper proof to warrant excusing their default in complying with CPLR 3012-a, and for a new determination of that branch of the defendant's motion which was to dismiss the complaint for failure to comply with CPLR 3012-a" *(Santangelo v Raskin, supra,* at 80). The instant action against the defendants Brookdale, Kim, Adler, Greenfield and Johanson was also commenced within the same time frame as the action in *Santangelo v Raskin (supra).* Accordingly, with respect to the cross motion of the defendants Brookdale, Kim, Adler and Greenfield to dismiss the complaint as against them based upon the plaintiff's failure to comply with CPLR 3012-a, the matter should be remitted to the Supreme Court, Kings County, to afford the plaintiff an opportunity, if she be so advised, to submit further proof in accordance herewith, and for a new determination of the cross motion of the defendants Brookdale, Kim, Adler and Greenfield to dismiss the complaint as against them, based upon the plaintiff's failure to comply with CPLR 3012-a. In view of our determination with respect to that branch of the defendant Johanson's cross motion which was to dismiss the complaint as against him based upon the plaintiff's failure to comply with CPLR 3406 (a), the branch of his cross motion which was to dismiss the complaint as against him based on the plaintiff's failure to comply with CPLR 3012-a is dismissed as academic. Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.