■ In the Matter of CHRIS T. PRINCE, Individually and as Administratrix of the Estate of TERRY T. PRINCE, Deceased, et al., Respondents, v STATE OF NEW YORK, Appellant.—Order unanimously reversed on the law without costs and defendant's motion granted, in accordance with the following memorandum: The State appeals from an order of the Court of Claims which denied its motion to dismiss the claim on the ground that it was not accompanied by a CPLR 3012-a certificate of merit. In denying the claim, the court determined that the claim sounds solely in negligence, not medical malpractice, and that a CPLR 3012-a certificate thus was not required to be filed with the claim. We disagree.

The claim seeks damages for the conscious pain and suffering and wrongful death of claimants' decedent, who committed suicide after being refused admission to the Rochester Psychiatric Center, a State facility. Although claimants now contend that the claim asserts the negligent failure of the institution to maintain proper procedures for the intake and release of patients, the notice of intention and claim primarily allege that defendant's physicians and other medical personnel failed to diagnose, record and treat the patient's suicidal condition. Such allegations sound in medical malpractice, notwithstanding that they relate to the hospital as a whole rather than to individual employees (see, Bleiler v Bodnar, 65 NY2d 65, 69-71). Claimants' avoidance of the phrase "medical malpractice" in their claim is not controlling.

Since the claim sounds, at least in part, in medical malpractice, it should have been accompanied by a certificate of merit (CPLR 3012-a [a]; Santangelo v Raskin, 137 AD2d 74; Brown v State of New York, 139 Misc 2d 1020; Sullivan v H.I.P. Hosp., 138 Misc 2d 711; Hannah v McLaughlin, 137 Misc 2d 277; Steinberg v Brookdale Hosp. Med. Center, 134 Misc 2d 268).

Although the courts have taken a variety of approaches in determining the proper sanction to be imposed for the failure of a plaintiff to serve the certificate of merit with the complaint, we regard the failure to comply with CPLR 3012-a as a pleading default *(see, Santangelo v Raskin, supra; see also, Brown v State of New York, supra)*. Since claimants failed to show a reasonable excuse for the default or that they have a meritorious cause of action *(Santangelo v Raskin, supra; Brown v State of New York, supra)*, noncompliance with the statute requires dismissal. Dismissal is without prejudice to reservice of the claim accompanied by a proper certificate of merit. (Appeal from order of Court of Claims, Quigley, J.—dismiss claim.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.