■ RICHARD C. SMITH, Individually and as Administrator of the Estate of GAIL A. SMITH, Deceased, Respondent, v PRIMITIVO T. CRUZ, Appellant, et al., Defendants.—Levine, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered September 18, 1989 in Madison County, which, inter alia, granted plaintiff's motion for an extension of time to file a certificate of merit and denied defendant Primitivo T. Cruz's cross motion to dismiss the complaint against him.

Plaintiff and his wife, Gail A. Smith (hereinafter Smith), commenced this medical malpractice action against, among others, defendant Primitivo T. Cruz, alleging a failure to

diagnose and treat breast cancer in Smith, who died subsequent to the commencement of this action. Plaintiff alleges that Cruz misread biopsy slides and failed to identify the presence of malignant cells in March 1986.

The action was originally commenced on August 4, 1988 and, on August 23, 1988, plaintiff amended the complaint to name additional defendants, including Cruz. A summons and amended complaint was personally served upon Cruz by the Sheriff on September 1, 1988. There was no certificate of merit attached to the amended complaint as required by CPLR 3012-a. Thereafter, Cruz served an answer raising the defenses of lack of personal jurisdiction and the Statute of Limitations. Pretrial discovery ensued with depositions and the exchange of medical evidence. In December 1988, plaintiff's attorney first learned that Cruz had not received a certificate of merit when he was originally served. Plaintiff thereafter mailed a certificate of merit to the attorney for Cruz, but it was rejected as untimely.

In March 1989, plaintiff moved for, *inter alia,* an order declaring his compliance with CPLR 3012-a or, in the alternative, an extension of time in which to file the certificate of merit and striking Cruz's personal jurisdiction and Statute of Limitations defenses. Cruz cross-moved to dismiss plaintiff's complaint based upon the above-mentioned affirmative defenses.

In support of plaintiff's motion, his attorney averred that a certificate of merit was attached to the original amended complaint, "but as the result of a ministerial oversight the certificate was not attached to the copies sent to the sheriff for service". This certificate stated that no medical consultation had been obtained prior to the commencement of the action because of Statute of Limitations concerns. On August 31, 1988, a new certificate of merit was executed by plaintiff's attorney stating that the case had been reviewed by a physician and that there was a reasonable basis for the commencement of the action. Plaintiff's attorney averred that copies of this certificate were sent to other defendants who had inquired about the certificate but that, inadvertently, copies of these letters and the enclosed certificates were not sent to the attorney for Cruz. Plaintiff also submitted a physician's affidavit and excerpts of the deposition testimony of Cruz to demonstrate that his cause of action has merit.

Supreme Court granted plaintiff's motion for an extension of time in which to file a certificate of merit and to strike the

personal jurisdiction and Statute of Limitations defenses of Cruz. The cross motion to dismiss the complaint was denied and this appeal by Cruz ensued.

On appeal Cruz argues that Supreme Court erred in granting plaintiff's motion for an extension of time to file a certificate of merit. We disagree. The failure to comply with the requirements of CPLR 3012-a has been regarded as a nonjurisdictional default in pleading, requiring plaintiff to demonstrate a reasonable excuse for the default and an appropriate affidavit of merit (see, Santangelo v Raskin, 137 AD2d 74, 78-79; see also, Matter of Prince v State of New York, 149 AD2d 963, 964; Sisario v Amsterdam Mem. Hosp., 146 AD2d 837, 838). Here, plaintiff's excuse amounted to "law office failure" and it was within Supreme Court's discretion to accept this excuse for the default (see, CPLR 2005). In this regard it is significant that there is no dispute that plaintiff acted promptly in providing Cruz with a certificate of merit upon learning of his omission.

To establish that his cause of action is meritorious, plaintiff submitted the affidavit of Daniel Stowens, a pathologist, who averred that he had examined the biopsy slides prepared by Cruz and determined that the cells taken from Smith were positive for carcinoma and that, in his opinion, Cruz deviated from acceptable medical standards of care in issuing a report indicating that the cells appeared normal and nonmalignant. In addition, Stowens averred that the failure to properly diagnose Smith's carcinoma at that time significantly reduced her chances for survival. Plaintiff also submitted portions of the deposition testimony of Cruz in which he acknowledged that cells appearing in photographs of Smith's biopsy slides were "suspicious looking". Based on the foregoing, we conclude that Supreme Court properly granted plaintiff's motion for an extension of time in which to serve the certificate of merit and that the denial of the cross motion was likewise proper.

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.