■ Anthony Frisina, Respondent, v Paul G. Jones et al., Appellants.—Casey, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered August 14, 1989 in Sullivan County, which, *inter alia,* granted plaintiff's cross motion to serve a late certificate of merit.

Plaintiff, a 73-year-old man, sued defendants for medical malpractice claimed to have arisen from defendants' improper treatment of plaintiff's fracture of his left femur, which occurred on or about July 7, 1985 in a lawn mower accident. Plaintiff claims that the improper treatment resulted in angulation, slight shortening and displacement, and irregular periosteal callous formation. After joinder of issue, defendants moved to dismiss the complaint for plaintiff's failure to comply with CPLR 3012-a and 3406 (a). Plaintiff cross-moved for leave to file late the certificate of merit required by CPLR 3012-a and the notice of medical malpractice action mandated by CPLR 3406 (a), and stated that these omissions were due to inadvertence. Supreme Court denied defendants' motion and granted plaintiff's cross motion.

On this appeal, defendants focus exclusively on plaintiff's failure to file the certificate of merit required by CPLR 3012-a, contending that Supreme Court erred in denying their motion to dismiss. Although the parties have not addressed the issue, a question has arisen as to whether dismissal is an appropriate sanction for a plaintiff's failure to comply with CPLR 3012-a. The first appellate-level court to deal with this issue was the Second Department, which held that dismissal was an appropriate sanction that could be avoided only by a showing of a reasonable excuse for the default in complying with the statute and legal merit to the complaint *(Santangelo v Raskin,* 137 AD2d 74). The other three departments, including this court, have followed the Second Department's lead *(George v St. John's Riverside Hosp.,* 162 AD2d 140 [1st Dept]; *Smith v Cruz,* 161 AD2d 938 [3d Dept]; *Matter of Prince v State of New York,* 149 AD2d 963 [4th Dept]).

Recently, however, the Second Department concluded that its reasoning in *Santangelo* had been effectively overruled by the Court of Appeals in *Tewari v Tsoutsouras* (75 NY2d 1) and

that, therefore, dismissal was not an available sanction for lack of compliance with CPLR 3012-a *(Kolb v Strogh,* 158 AD2d 15). The Fourth Department continued to adhere to its holding that a plaintiff's failure to serve a certificate of merit with the complaint is a pleading default which requires dismissal absent the plaintiff's showing of a reasonable excuse for the default and a meritorious cause of action *(Smith v McDaniel,* 163 AD2d 869). We must decide which of these two divergent paths to follow, but this is not an appropriate case for resolving that issue. The record amply supports Supreme Court's conclusion that plaintiff presented a reasonable excuse for his failure to comply with CPLR 3012-a and showed legal merit to his complaint, and defendants make no claim of prejudice. Accordingly, irrespective of whether dismissal can ever be imposed as a sanction for failure to comply with CPLR 3012-a, the record establishes that dismissal was properly denied as a sanction in this case.

Order affirmed, with costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.