■ ARLENE PEREZ, Respondent, v LENOX HILL HOSPITAL, Appellant.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about November 30, 1988, which, *inter alia,* denied defendant's motion to dismiss the action, unanimously affirmed, without costs.

In this medical malpractice action, plaintiff alleges that, as a result of having been left unattended by hospital personnel after the administration of medication affecting her sense of balance, she fell and struck her head against a pole holding intravenous solution, sustaining a cut to the area of her left eyebrow.

CPLR 3012-a requires that a medical malpractice complaint be accompanied by a certificate of merit, executed by plaintiff's attorney, which states that there is a "reasonable basis" for the commencement of the action. The failure to file such a certificate is a pleading defect, requiring dismissal unless plaintiff can establish a reasonable excuse for the default or a meritorious cause of action. *(Matter of Prince v State of New York,* 149 AD2d 963, 964; *Santangelo v Raskin,* 137 AD2d 74.)

In the case at bar, plaintiff commenced her action in the good-faith belief that it was not a medical malpractice claim, since the complaint was predicated upon negligence in the hospital personnel's lack of supervision after administering medication which made her drowsy, and not upon the medical treatment rendered and, as such, involved "matters within the ordinary experience [and knowledge] of laypersons". *(Fiore v Galang,* 64 NY2d 999, 1001.)

In light of these circumstances, the fact that plaintiff has since filed the certificate of merit, and the fact that defendant has not been prejudiced by the initial absence of the certificate, the IAS Part properly denied defendant's motion to dismiss. Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.