■ JANE GEORGE et al., Appellants, v ST. JOHN'S RIVERSIDE HOSPITAL et al., Respondents.—Order, Supreme Court, Westchester County (Matthew Coppola, J.), entered on October 25, 1988, which in this medical malpractice action, granted defendants' motion to dismiss the complaint for failure to comply with CPLR 3012-a, unanimously affirmed, without costs.

The action grows out of defendants' medical treatment of plaintiff Jane George for complications during a pregnancy and delivery of a stillborn fetus (miscarriage) on or about December 30, 1985.

CPLR 3012-a (a) requires that a complaint in a medical malpractice action be accompanied by "a certificate, executed by the attorney for the plaintiff, declaring that: (1) the attorney has reviewed the facts of the case and has consulted with at least one physician * * * and * * * has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action". Where the attorney, due to time limitations, has been unable to consult with a physician, the attorney must so state at the time the complaint is filed and must file the required certificate of merit within 90 days after service of the complaint.

In this case the summons and complaint were served on the Sheriff on June 28, 1988, two days before the expiration of the 2½-year Statute of Limitations. (CPLR 214-a.) The defendants were served shortly thereafter. The certificate of merit was not served until July 20, 1988, after a motion to dismiss had been made.

To avoid dismissal for failure to comply with CPLR 3012-a, plaintiff must present a reasonable excuse for failure to comply with the statute and an affidavit of merit from a medical expert. *(Santangelo v Raskin,* 137 AD2d 74 [2d Dept 1988].) The motion court found that the plaintiff's excuse was inadequate, and that plaintiff had failed to submit an affidavit of merit.

The record supports the conclusion of the motion court. The plaintiff's attorney gave no indication as to why he could not obtain a timely consultation and opinion from a medical expert. Moreover, plaintiff failed to timely submit an affidavit of merit by a physician. A letter by a physician which was submitted in opposition to the motion to dismiss fails to withstand analysis as the basis for a meritorious action. The medical record reveals that despite the medical advice to the contrary, plaintiff insisted on going home the same day that she had a miscarriage. She was told that a further procedure, dilatation and curettage (D&C), might be necessary. The physician's letter submitted as indicative of a meritorious cause indicates that a D&C was subsequently performed. However, no date is given. The letter simply concludes that the defendants "departed from good and acceptable care by failing to perform a simple pelvic exam after delivery of the fetus and placenta". While the letter states that the physician reviewed the hospital admission records, the basis for this conclusion is not shown. In sum, not only has plaintiff failed to submit the medical affidavit required but, in addition, the letter submitted does not reveal a meritorious cause. Concur—Murphy, P. J., Carro, Rosenberger, Kassal and Smith, JJ.