KATHLEEN M. KOLB, Respondent, v CHARLES STROGH, Appellant.

Second Department, June 11, 1990

APPEARANCES OF COUNSEL

*Kopff, Nardelli & Dopf (Eugene A. Ward* of counsel), for appellant.

*Whiteman & Gorray (Stephen G. Gorray* of counsel), for respondent.

## OPINION OF THE COURT

BRACKEN, J.

The plaintiff violated CPLR 3012-a and the defendant responded by moving to dismiss the complaint. The Supreme Court denied the defendant's motion, holding, as a matter of discretion, that no such sanction was warranted. We affirm this ruling on the more fundamental basis that, as a matter of law, no such sanction is authorized. A procedural default may be punished only by means which are specifically authorized by statute or by rule *(Tewari v Tsoutsouras,* 75 NY2d 1, *revg* 140 AD2d 104) and it is clear that neither statute nor rule authorizes dismissal of the action as a sanction for a violation of CPLR 3012-a. To the extent that our decision in this matter is not in accord with the analysis contained in *Santangelo v Raskin* (137 AD2d 74), which held that the sanction of dismissal is available, we decline to follow it.

I

The present action was commenced by the service of a summons and complaint dated July 9, 1987, and July 8, 1987, respectively. The action was therefore subject to the terms of CPLR 3012-a, which was enacted into law and made binding on all medical and dental malpractice actions commenced on or after July 8, 1986 (L 1986, ch 266, §§ 2, 44). This law, as subsequently amended, provides as follows:

"§ 3012-a. Certificate of merit in medical, dental and podiatric malpractice actions

"(a) In any action for medical, dental or podiatric malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the plaintiff, declaring that:

"(1) the attorney has reviewed the facts of the case and has consulted with at least one physician in medical malpractice actions, at least one dentist in dental malpractice actions or at least one podiatrist in podiatric malpractice actions who is licensed to practice in this state or any other state and who the attorney reasonably believes is knowledgeable in the

relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action; or

"(2) the attorney was unable to obtain the consultation required by paragraph one of this subdivision because a limitation of time, established by article two of this chapter, would bar the action and that the certificate required by paragraph one of this subdivision could not reasonably be obtained before such time expired. If a certificate is executed pursuant to this subdivision, the certificate required by this section shall be filed within ninety days after service of the complaint; or

"(3) the attorney was unable to obtain the consultation required by paragraph one of this subdivision because the attorney had made three separate good faith attempts with three separate physicians, dentists or podiatrists, in accordance with the provisions of paragraph one of this subdivision to obtain such consultation and none of those contacted would agree to such a consultation.

"(b) Where a certificate is required pursuant to this section, a single certificate shall be filed for each action, even if more than one defendant has been named in the complaint or is subsequently named.

"(c) Where the attorney intends to rely solely on the doctrine of 'res ipsa loquitur', this section shall be inapplicable. In such cases, the complaint shall be accompanied by a certificate, executed by the attorney, declaring that the attorney is solely relying on such doctrine and, for that reason, is not filing a certificate required by this section.

"(d) If a request by the plaintiff for the records of the plaintiff's medical or dental treatment by the defendants has been made and such records have not been produced, the plaintiff shall not be required to serve the certificate required by this section until ninety days after such records have been produced.

"(e) For purposes of this section, and subject to the provisions of section thirty-one hundred one of this chapter, an attorney who submits a certificate as required by paragraph one or two of subdivision (a) of this section and the physician, dentist or podiatrist with whom the attorney consulted shall not be required to disclose the identity of the physician, dentist or podiatrist consulted and the contents of such consul-

tation; provided, however, that when the attorney makes a claim under paragraph three of subdivision (a) of this section that he was unable to obtain the required consultation with the physician, dentist or podiatrist, the court may, upon the request of a defendant made prior to compliance by the plaintiff with the provisions of section thirty-one hundred of this chapter, require the attorney to divulge to the court the names of physicians, dentists or podiatrists refusing such consultation.

"(f) The provisions of this section shall not be applicable to a plaintiff who is not represented by an attorney.

"(g) The plaintiff may, in lieu of serving the certificate required by this section, provide the defendant or defendants with the information required by paragraph one of subdivision (d) of section thirty-one hundred one of this chapter within the period of time prescribed by this section."

The plaintiff's attorney executed an affirmation dated July 8, 1987, claiming that the summons and complaint were being served without a certificate of merit "to prevent the expiration of the Statute of Limitations". This affirmation was served in lieu of a certificate of merit along with the summons and complaint. Pursuant to CPLR 3012-a (a) (2), a certificate of merit would ordinarily have been due 90 days thereafter. In March 1988, after more than 90 days had elapsed, the defendant made a motion to dismiss the complaint based on the plaintiff's failure to serve a certificate of merit. The Supreme Court, Suffolk County, in an order entered May 18, 1988, denied this motion on the basis that the plaintiff had demanded that the defendant produce certain dental records, and that the defendant had not done so. The court held that the plaintiff's time to serve a certificate of merit was therefore extended by the language of the statute until 90 days following the production of such records (see, CPLR 3012-a [d]). No appeal was taken from that order.

The defendant served the relevant records by mail on May 20, 1988, and the plaintiff's attorney acknowledges that he received them on May 24, 1988. Therefore, pursuant to CPLR 3012-a (d), the certificate of merit was due to be filed on August 23, 1988. (We may assume that when the "production" of records pursuant to CPLR 3012-a [d], occurs through the mail, five days are added to the 90-day deadline in accordance with CPLR 2103 [b] [2].) On August 25, 1988, the defendant made a second motion to dismiss, since this 90- (or 95-) day

deadline had elapsed. The plaintiff's opposition papers, dated August 30, 1988, included a certificate of merit. However, there was no excuse for the delay, and no affidavit of merit. The Supreme Court, viewing the plaintiff's brief delay in producing a certificate of merit (a delay of approximately one week) as inconsequential, denied the defendant's motion.

This appeal followed.

## II

In *Santangelo v Raskin* (137 AD2d 74, *supra*) we held that a plaintiff's default in complying with the terms of CPLR 3012-a constituted a default in pleading which, in accordance with the well-known rule, would be opened only upon the showing of (1) a meritorious cause of action or defense, and (2) a legitimate excuse for the default *(see,* CPLR 2004, 2005; *La Buda v Brookhaven Mem. Hosp. Med. Center,* 62 NY2d 1014; *A & J Concrete Corp. v Arker,* 54 NY2d 870; *cf., Barasch v Micucci,* 49 NY2d 594). Pursuant to our decision in *Santangelo,* and in light of the plaintiff's failure to show either a legitimate excuse for her default or the slightest degree of merit to her case, the sanction of dismissal would have been authorized (although the interest of justice might have prevented its application under the circumstances of this case) *(see also, Matter of Prince v State of New York,* 149 AD2d 963; *Kirschbaum v Brookdale Hosp. & Med. Center,* 147 AD2d 530, 532-533; *Brown v State of New York,* 139 Misc 2d 1020). However, we believe that our decision in *Santangelo* may no longer be considered controlling in light of the decision of the Court of Appeals in *Tewari v Tsoutsouras* (75 NY2d 1, *supra)* and we must therefore conclude that the defendant's motion was properly denied.

We expressly recognized in the *Santangelo* case *(supra)* that the Legislature had not specifically provided a mechanism by which the terms of CPLR 3012-a were to be enforced. However, we noted that the provisions of CPLR 3012-a had been placed in juxtaposition with those of CPLR 3012, and that CPLR 3012 contained an express provision authorizing the Supreme Court to dismiss an action as punishment for a plaintiff's procedural default in pleading *(Santangelo v Raskin, supra,* at 78). Reasoning by analogy, we held that the sanction of dismissal contained in CPLR 3012 (b), which is made *expressly* available in cases where the plaintiff fails to serve a timely complaint after due demand, should also be

considered *implicitly* available in cases where the plaintiff fails to serve a timely certificate of merit together with the complaint (CPLR 3012-a). This analysis may no longer be considered valid in light of the decision of the Court of Appeals in *Tewari v Tsoutsouras* (75 NY2d 1, *supra*).

Although the Court of Appeals decision in *Tewari v Tsoutsouras (supra)* was addressed to a different procedural point, and thus did not explicitly overrule our holding in *Santangelo (supra)*, it did explicitly overrule the type of reasoning by analogy upon which our *Santangelo* decision was based. The decision of this court in *Tewari v Tsoutsouras* (140 AD2d 104, *supra)*, later reversed, was akin to our decision in *Santangelo*, insofar as it rested upon the hypothesis that, where the Legislature has enacted a new procedural rule without having simultaneously defined how a violation of the rule may be punished, the courts may devise an appropriate sanction by a process of analogy to other statutes and relevant case law. Specifically, we held in *Tewari* that an unexcused violation of CPLR 3406 (a) could be punished by the imposition of a sanction expressly authorized in a closely related statute (CPLR 3406 [b]) or by a sanction expressly authorized in cases of pleading defaults, i.e., dismissal. The Court of Appeals reversed, holding, in effect, that a sanction made expressly applicable by statute to cases involving one variety of procedural default may not, by analogy, be applied by the courts in order to remedy a different variety of procedural default.

In so deciding, the court stated that "the courts of this State are empowered to grant the sanction of dismissal only when it has been authorized either by the Legislature or by court rules consistent with existing legislation" *(Tewari v Tsoutsouras,* 75 NY2d 1, 7, *supra,* citing *Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5-6). Application of the foregoing rule to the facts of the *Tewari* case was remarkably straightforward: the plaintiffs' default consisted of a violation of CPLR 3406 (a), but CPLR 3406 (a) contains nothing which authorizes the sanction of dismissal for such a default. Therefore, no such sanction is available *(see also, Marte v Montefiore Med. Center,* 142 Misc 2d 745).[1]

---

1. The Court of Appeals noted, however, that a lesser sanction was available for violations of CPLR 3406 (a) (see, 22 NYCRR 202.56 (a) (3); *(see also, Krulik v Meyerowitz,* — AD2d — [2d Dept, Apr. 9, 1990]; *Fittipaldo v Gal,* 159 AD2d 481). Whether such permission to file late notices may be denied outright, so as to doom the plaintiff's case to procedural limbo (since no action

The identical analysis must govern our resolution of the present appeal: the plaintiff's default consisted of a violation of CPLR 3012-a, but nothing in CPLR 3012-a (or any other statute) authorizes the sanction of dismissal for this default. The interpolation into CPLR 3012-a of a sanction found in an adjoining statute (CPLR 3012 [b]), such as we held permissible in *Santangelo v Raskin (supra)*, would be no more consistent with the literal terms of the law than the interpolation into CPLR 3406 (a) of the sanction contained in CPLR 3406 (b), which was condemned in *Tewari v Tsoutsouras (supra)*. Similarly, in light of the literal approach taken by the *Tewari* court, a failure to comply with CPLR 3012-a cannot be considered a failure to state a cause of action, which is curable upon a showing of merit (CPLR 3211 [a] [7], [e]; *see, Sullivan v H.I.P. Hosp.*, 138 Misc 2d 711).

It might be argued that the relationship, in terms of subject matter, between CPLR 3012 (b) and CPLR 3012-a is closer than the relationship between CPLR 3406 (b) and CPLR 3406 (a), so that the type of statutory cross-pollination which we authorized in *Santangelo (supra)* is more justifiable than that which we authorized in *Tewari (supra)*. But the drawing of such subtle distinctions would fly in the face of one of the major pronouncements in the *Tewari* decision, viz., "[s]anctions may not be imposed by ad hoc judicial decision-making" *(Tewari v Tsoutsouras, 75 NY2d 1, 7, supra)*. Our decision in *Santangelo* was neither more nor less "ad hoc" than our decision in *Tewari*. Given the fate which befell *Tewari* on appeal to the Court of Appeals, we must consider *Santangelo* to have been overruled.

### III

We next consider whether, given the unavailability of the ultimate sanction of dismissal, there are *any* sanctions available which can be brought to bear in order to compel compliance with CPLR 3012-a. On this question as well, we find the logic of the Court of Appeals in the *Tewari* case to be dispositive.

As noted above, the *Tewari* decision *(supra)* rests on the simple principle that in enforcing the procedural guidelines

---

can go forward in the absence of the required notice), and so as to subject the plaintiff's action to possible later dismissal for neglect to prosecute (CPLR 3216) is a question we need not decide.

contained in the CPLR, the courts may do no more than the Legislature expressly allows them to do. Thus, in *Tewari*, the Court of Appeals held that the trial courts have no inherent power to dismiss a complaint on the grounds of any particular procedural default. It follows that the trial courts similarly lack the inherent power to impose any lesser sanction. It would certainly seem illogical to suggest that the "inherent" power of the courts is any greater when it comes to the imposition of lesser sanctions (such as conditional dismissals, monetary fines, and so forth) than when it comes to the imposition of the ultimate sanction of dismissal. In either case, no "inherent" power exists, and the courts must instead exercise only those powers that are to be derived from express authorization.

This does not leave the courts utterly without the ability to enforce the terms of CPLR 3012-a. While the Legislature failed to confer on the judiciary any power to enforce CPLR 3012-a directly, this provision may be enforced indirectly. As the Court of Appeals noted in *Tewari,* the court may, upon a defendant's motion, order the plaintiff to comply with the statute in question: this much, at least, can be done pursuant to existing provisions contained in the CPLR *(see, Tewari v Tsoutsouras,* 75 NY2d 1, 10-11, *supra).* [2] If a dilatory plaintiff is so neglectful as to disobey such an order, then sanctions, including the sanction of dismissal, may be imposed (CPLR 3126; *Tewari v Tsoutsouras, supra,* at 11; *see also, Zletz v Wetanson,* 67 NY2d 711, 713; *Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568).

In the present case, the Supreme Court never directed compliance with CPLR 3012-a, since, by the time it decided the defendant's motion, the plaintiff had belatedly complied. Under these circumstances, there is nothing left for us to do except to affirm. We acknowledge that at least two cases have adhered to the *Santangelo* decisions even after the decision of the Court of Appeals decision in *Tewari (see, Kerns v Panahon,* 158 AD2d 936; *Perez v Lenox Hill Hosp.,* 159 AD2d 251). However, since we are persuaded that the rationale which underlay our

---

2. The Court of Appeals in *Tewari v Tsoutsouras* (75 NY2d 1), suggested that the court could order compliance with CPLR 3406 (a) pursuant to the provisions of CPLR 3126, and that any violation of such an order directing compliance with CPLR 3406 (a) could thereafter be regarded as a violation of an order respecting discovery (CPLR 3126). The same can be said of a violation of an order directing compliance with CPLR 3012-a *(see also, Steinberg v Brookdale Hosp. Med. Center,* 134 Misc 2d 268, 271).

*Santangelo* decision cannot be reconciled with the rationale of the Court of Appeals in *Tewari,* we decline to follow these subsequent cases.

Accordingly, the order appealed from is affirmed.

MANGANO, P. J., THOMPSON and RUBIN, JJ., concur.

Ordered that the order is affirmed, without costs or disbursements.