OPINION OF THE COURT
Wallace Van C. Auser, J.
The defendant, Richard S. Smith, M.D., moves this court for an order granting him summary judgment. The defendant seeks this order on the grounds that the plaintiff, Zoltán I. Koppel, failed to serve a certificate of merit as required by CPLR 3012-a. The defendant also alleges that the plaintiff has likewise failed to file the required notice of medical malpractice.
This medical malpractice action was commenced by the plaintiff on June 24, 1987 by the service of a summons and complaint. The defendant served his answer on or about July *1040 2, 1987. On October 5, 1987, the defendant was granted a conditional order of preclusion as a result of plaintiffs failure to comply with certain discovery requests. In January of 1988, the defendant moved for summary judgment based on the plaintiffs failure to comply with the conditional order of preclusion. The court, on March 17, 1988, denied the defendant’s motion for summary judgment on the condition that the plaintiff pay the sum of $250 costs to the defendant and respond to the bill of particulars. The defendant appealed this order to the Appellate Division, Fourth Department. The Appellate Division dismissed the appeal in January of 1989, since the defendant had accepted the $250 costs.
The Legislature has seen fit to require a plaintiff in a medical malpractice action commenced on or after July 8, 1986, to serve, along with the complaint, a certificate of merit (CPLR 3012-a). This certificate is to be drafted by the plaintiffs attorney and should state that he "has reviewed the facts of the case and has consulted with at least one physician” and that based upon his consultation he believes that there is a reasonable basis for the commencement of the medical malpractice action (CPLR 3012-a [a] [1]). The Appellate Division, Fourth Department, has held that a failure to serve this certificate simultaneously with the complaint is considered to be the equivalent of a pleading default warranting the conditional dismissal of the plaintiffs action (Matter of Prince v State of New York, 149 AD2d 963; see also, Bradstreet v Kruger, — AD2d — [4th Dept 1990]; Kerns v Panahon, 158 AD2d 936). In support of this position, the Appellate Division, Fourth Department, cited the Second Department’s case of Santangelo v Raskin (137 AD2d 74). The Second Department has recently overturned Santangelo and held that the sanction of dismissal for failure to serve a certificate of merit is unavailable unless the plaintiff failed to comply with a court order requiring the service of the certificate (Kolb v Strogh, 158 AD2d 15 [2d Dept 1990]).
The Second Department’s change in position on this issue in the Kolb case (supra) is a result of the Court of Appeals decision in Tewari v Tsoutsouras (75 NY2d 1). In Tewari, the Court of Appeals reversed the Second Department’s dismissal of the plaintiff’s complaint for failing to file a notice of medical malpractice as required by CPLR 3406 (a). The Court of Appeals in reversing Tewari stated the sanction of dismissal may only be imposed by a court when it has been authorized by the Legislature or by court rules consistent with existing *1041 legislation (Tewari v Tsoutsouras, supra, at 7). In examining the legislative history and statutory framework of CPLR 3406 (a), the court could find no authority for the imposition of the draconian sanction of dismissal (Tewari v Tsoutsouras, supra, at 7-11). The Court of Appeals further stated that the Second Department incorrectly analogized the failure to timely file the CPLR 3406 (a) notice to a pleading default. The court held that the notice was not a pleading since it neither apprised a defendant of a pending cause of action nor imposed an obligation upon the defendant which may result in a default judgment against him or her (Tewari v Tsoutsouras, supra, at 12). The court also stated that a plaintiff seeking leave to file a late notice is neither required to make the stringent showing necessary in the case of a pleading default nor will the absence of an affidavit of merit defeat the motion (Tewari v Tsoutsouras, supra, at 12). The court held that CPLR 2004 permits the trial court to extend the time for a party to perform any act, including the filing of the notice " 'upon such terms as may be just and upon good cause shown’ ” (Tewari v Tsoutsouras, supra, at 12).
The Second Department in response to the Court of Appeals holding in Tewari (supra), decided in the case of Kolb v Strogh (supra), that it could no longer follow its decision in the Santangelo case (supra), since the analysis that it applied when it decided Tewari (140 AD2d 104) was expressly rejected by the Court of Appeals. Although the Tewari case dealt with the failure to file a notice of medical malpractice, Santangelo and Kolb address the plaintiff’s failure to serve a certificate of merit. The Second Department in Santangelo reasoned, as it eventually did in Tewari, "that where the Legislature has enacted a new procedural rule without having simultaneously defined how a violation of the rule may be punished, the courts may devise an appropriate sanction by a process of analogy to other statutes and relevant case law” (Kolb v Strogh, supra, at 20). The Santangelo court found the authority to dismiss the plaintiffs complaint for failure to serve the certificate of merit required by CPLR 3012-a in CPLR 3012 (b) which permits the court to dismiss the action as punishment for a plaintiffs default in pleading. As indicated above, the Court of Appeals in Tewari rejected this reasoning and specifically stated that "the courts of this State are empowered to grant the sanction of dismissal only when it has been authorized either by the Legislature or by court rules consistent with existing legislation” (Tewari v Tsoutsouras, supra, at 7).
*1042 The Appellate Divisions in the First and Fourth Departments have continued, notwithstanding the decision in Tewari (supra), to follow the Santangelo line of reasoning permitting the dismissal of a plaintiff’s complaint for failure to file a certificate of merit (see, Perez v Lenox Hill Hosp., 159 AD2d 251 [1st Dept]; Kerns v Panahon, supra; see also, Bradstreet v Kruger, supra). In the action at bar, this court has decided that the Appellate Division, Second Department’s decision in Kolb (supra) is controlling. The Appellate Division, Fourth Department, when confronted with this issue for the first time, cited as controlling the decision in Santangelo (supra), the very case that Kolb has overruled. The clear instructions by the Court of Appeals in Tewari, that a court may not impose the sanction of dismissal unless authorized by statute or court rule, and as pointed out in Kolb, precludes this court from granting the defendant the relief he has requested.
The Kolb decision also pointed out that unlike CPLR 3406 (a) where the Legislature expressly empowers the court to impose a monetary fine in order for a plaintiff to obtain the necessary permission to file the notice of medical malpractice, there is no counterpart in CPLR 3012-a. As the Second Department indicated in Kolb (158 AD2d 15, supra), the court may order a plaintiff to serve the certificate of merit. The plaintiff’s failure to comply with such an order could result in dismissal of the action (Tewari v Tsoutsouras, 75 NY2d 1, 10-11, supra; see, CPLR 3126; 22 NYCRR 202.56 [b] [2]).
The defendant’s motion for summary judgment on the grounds that plaintiff has failed to file a certificate of merit is hereby denied. The defendant’s request that plaintiff be required to pay costs for failure to file the notice of medical malpractice is granted and the plaintiff is directed to pay $250 to the defendant’s attorney, and to serve the certificate of merit and notice of medical malpractice within 10 days of this decision.