FAY M. DYE, Respondent, v AUSTIN R. LEVE, Appellant.

Fourth Department, July 14, 1992

## APPEARANCES OF COUNSEL

*Robert J. Hirsch, P. C. (Christopher Noone* of counsel), for appellant.

*Richard G. Baxter* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this cause of action for medical malpractice, Supreme

Court properly denied defendant's motion to dismiss based on plaintiff's failure to serve a certificate of merit as required by CPLR 3012-a, and afforded plaintiff 30 days to comply with the statute.

In addressing a similar issue in *Tewari v Tsoutsouras* (75 NY2d 1), the court held that there is no authority for imposing the sanction of dismissal for a plaintiff's failure to file the malpractice notice required by CPLR 3406 (a) and that it was error to treat such failure as a pleading default.

Subsequently, in *Kolb v Strogh* (158 AD2d 15, 16), the Second Department, applying the rule of *Tewari (supra)* to a failure to file the certificate of merit required by CPLR 3012-a, held that "[a] procedural default may be punished only by means which are specifically authorized by statute or by rule * * * and it is clear that neither statute nor rule authorizes dismissal of the action as a sanction for a violation of CPLR 3012-a." As a consequence, the court stated that it would no longer follow the rationale of its decision in *Santangelo v Raskin* (137 AD2d 74), a case which this court has previously followed.

We agree that a failure to comply with CPLR 3012-a is analogous to noncompliance with CPLR 3406 (a) and that the sanction of dismissal is therefore unwarranted. Consequently, to the extent that our prior decisions in *Smith v McDaniel* (163 AD2d 869), *Kerns v Panahon* (158 AD2d 936) and *Matter of Prince v State of New York* (149 AD2d 963) are not in accord with this determination, they will no longer be followed.

Supreme Court, therefore, properly exercised its discretion to extend for 30 days the time to file the CPLR 3012-a certificate (CPLR 2004). The sanction of dismissal is, of course, still available should plaintiff fail to comply with Supreme Court's order.

Accordingly, the order should be affirmed.

BOOMER, J. P., PINE, BOEHM, FALLON and DAVIS, JJ., concur.

Order unanimously affirmed, without costs.