[699 NYS2d 572]

Irving Horn, Appellant, v Mary K. Boyle, as Executor of Edward Boyle, Deceased, Respondent.

Third Department, December 9, 1999

APPEARANCES OF COUNSEL

*Mark L. Powers,* Schenectady, for appellant.

*Maynard, O'Connor, Smith & Catalinotto, L. L. P.,* Albany (*Michael Catalinotto, Sr.,* of counsel), for respondent.

## OPINION OF THE COURT

CARPINELLO, J.

In February 1995, plaintiff commenced this medical malpractice action against Edward Boyle, an ophthalmologist, arising out of the latter's treatment of plaintiff between January 1992 and September 1992 for glaucoma in the left eye. In lieu of filing a certificate of merit with the complaint (*see,* CPLR 3012-a [a] [1]), plaintiff's counsel executed an affirmation dated February 21, 1995 claiming that the summons and complaint were being served without the certificate of merit to prevent the expiration of the Statute of Limitations (*see,* CPLR 3012-a [a] [2]). A certificate of merit was therefore required to be filed within 90 days thereafter. Boyle died in July 1997 never having been deposed.

In April 1998, nearly three years after the 90-day time period elapsed, defendant moved to dismiss the complaint based on plaintiff's failure to serve a certificate of merit. Notably, this motion was made only after defendant's repeated requests for plaintiff to prosecute the matter (which included a request that plaintiff move for permission to file a late certificate of merit) or to discontinue it went unanswered. Shortly thereafter, plaintiff cross-moved to file a late certificate of merit. In support of this motion, he submitted an April 10, 1998 affirmation from Gregory Pinto, an ophthalmologist, who purported to establish that plaintiff had a meritorious cause of action. Without issuing a written opinion, Supreme Court granted defendant's motion and denied plaintiff's cross motion, prompting this appeal.

We begin our analysis by noting that a certificate of merit does not itself demonstrate the meritoriousness of a medical malpractice claim, but "merely ensures that counsel has satisfied himself [or herself] that 'there is a reasonable basis for the commencement of [an] action'" (*George v Sastic,* 166 AD2d 838, 839, quoting CPLR 3012-a [a] [1]; *see, Sober v Kalina,* 208 AD2d 1140, 1141). Here, in opposition to defendant's motion to dismiss and in support of his cross motion to file a late certificate of merit, plaintiff's counsel averred that Pinto's affirmation demonstrated the requisite reasonable basis for commencement of the action. Pinto's affirmation, however, did not allege to a reasonable degree of medical certainty that Boyle's actions "departed from accepted medical standards and that such

departure was a proximate cause of the injuries alleged in plaintiff['s] complaint" (*Dorgan v Dunda*, 165 AD2d 949; *compare*, *Daponte v Weber*, 134 AD2d 319, *lv denied* 71 NY2d 801). Rather, the letter merely stated that Boyle released plaintiff from care prematurely and that such premature release was contrary to standard practice in ophthalmology.

Turning our attention first to plaintiff's cross motion, we conclude that Supreme Court did not abuse its discretion in denying it. As noted by the Court of Appeals in *Tewari v Tsoutsouras* (75 NY2d 1, 11-12, quoting CPLR 2004), "CPLR 2004 vests the trial court with discretion to extend the time to perform any act * * * 'upon such terms as may be just and upon good cause shown.' "[1] Given the significant time period that elapsed between the February 1995 commencement of the action and the May 1998 cross motion indicating that plaintiff's counsel finally consulted with Pinto and obtained the April 10, 1998 letter, together with Boyle's death without having been deposed and the resultant prejudice to defendant, the lack of a reasonable excuse for the delay in obtaining a medical consultation on which a certificate of merit could be based (counsel's unsuccessful attempts to refer the case to another attorney and apparent unwillingness to pay "medical-legal consultants" for a necessary consultation) and the fact that the medical opinion finally obtained was insufficient to demonstrate a meritorious claim and thus a reasonable basis upon which to "commence" the action, relief pursuant to CPLR 2004 was unwarranted (*cf.*, *id.*; *Casiano v New York Hosp.—Cornell Med. Ctr.*, 169 AD2d 806; *Smith v Cruz*, 161 AD2d 938).

With respect to defendant's motion, although CPLR 3012-a does not itself authorize the sanction of dismissal, we find that CPLR 2004 does provide adequate authority for the result in this case because "no action can go forward in the absence of the required notice" (*Kolb v Strogh*, 158 AD2d 15, 20-21, n 1). In *Tewari (supra)*, the Court of Appeals held that the standard for extensions of time articulated in CPLR 2004 did not "provide any legislative authority for the dismissal of a plaintiff's complaint *solely* upon a failure to timely file the CPLR 3406 (a) notice" (*Tewari v Tsoutsouras, supra*, at 9

---

1. Although CPLR 3012-a does not contain a specific provision for the filing of a late certificate of merit (*compare*, CPLR 3406 [a]), we find that CPLR 2004, pertaining to extensions of time generally, is applicable.

[emphasis supplied]).[2] Dismissal in this case is not, however, based solely upon the failure to timely file the CPLR 3012-a certificate of merit. Rather, it is based on plaintiff's fundamental failure to show "good cause" for an extension of time to file and defendant's demonstration of prejudice if an extension were to be granted. Notably, the plaintiff in *Tewari* made a sufficient "good cause" showing for filing a late CPLR 3406 (a) notice and there was no evidence of prejudice to the defendant.

Consequently, dismissal of plaintiff's action was proper not simply because he failed to timely file a certificate of merit, but because he failed to demonstrate entitlement to file a late certificate of merit, the most damaging omission being the absence of any evidence in the record to establish a reasonable basis for commencement of the action (*compare, Boothe v Lawrence Hosp.*, 188 AD2d 435, 436). While we agree that the severe sanction of dismissal is not an appropriate penalty for the mere failure of a plaintiff's attorney to timely file a certificate of merit (*see, e.g., Bowles v State of New York*, 208 AD2d 440, 443; *Dye v Leve*, 181 AD2d 89; *Kolb v Strogh, supra*, at 16; *see also, Tewari v Tsoutsouras, supra*), it is certainly appropriate where, as here, a plaintiff's submissions in support of a motion to file a late certificate of merit reveal, among other negations of "good cause," that counsel is unable to make the statutorily mandated declaration that "there is a reasonable basis for the commencement of such action" (CPLR 3012-a [a] [1]; *see generally, Mistrulli v Kings Highway Hosp.*, 139 AD2d 707, 708).

Because plaintiff was not entitled to file a late certificate of merit, it would have been superfluous for Supreme Court to issue the typical sanction in a failure to timely file scenario, namely, an order directing plaintiff to file the certificate within a certain time period (*see, e.g., Bowles v State of New York, supra; Rice v Vandenebossche*, 185 AD2d 336; *Dye v Leve, supra; Kolb v Strogh, supra*). Permitting the action to continue would have thwarted the express purpose of CPLR 3012-a, i.e., to "improve the quality of medical malpractice adjudications and *deter the commencement of frivolous cases*" (L 1986, ch 266, § 1 [emphasis supplied]; *cf., Tewari v Tsoutsouras, supra* [analyz-

---

**2.** The Court of Appeals further noted that "where the extension sought is not an extension of the time to file a pleading, dismissal is not a *necessary consequence* of a denial of the motion" (*Tewari v Tsoutsouras, supra*, at 9 [emphasis supplied]). This language, in our view, reveals that the Court did not foreclose the possibility that dismissal pursuant to CPLR 2004 could be a consequence of the denial of a motion to file, for example, a late certificate of merit.

ing the legislative history of CPLR 3406 (a)]).[3] If a court cannot dismiss a medical malpractice cause of action in the face of undisputed evidence that a plaintiff does not have a meritorious cause of action and wholly failed to prove entitlement to file a late certificate of merit, the purpose behind CPLR 3012-a would be rendered futile.

MERCURE, J. P., CREW III, PETERS and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, with costs.

---

**3.** Further evidence of the statutory purpose of CPLR 3012-a is found in the Governor's memorandum in support of it, which states: "Considerable resources may be devoted to the defense of cases that never should have been brought. To complement previously enacted sanctions on frivolous lawsuits and mandated disclosure of information concerning expert witnesses, the bill would require plaintiffs to serve certificates of merit, which would specify that the plaintiff's attorney consulted with a physician and that the attorney concluded, as a result of such consultation, *that the action was meritorious*" (Governor's Program Mem, 1986 NY Legis Ann, at 158-159 [emphasis supplied]).