■ VALERIE GLASGOW, Appellant, v MIKE CHOU et al., Respondents, et al., Defendants. [826 NYS2d 303]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated August 20, 2004, as granted that branch of the motion of the defendants Mike Chou and Long Island College Hospital which was, in effect, pursuant to CPLR 3211 and 3212 to dismiss the cause of action alleging common-law negligence and held in abeyance her cross motion for leave to amend the complaint to add a cause of action alleging medical malpractice against those defendants, and (2) an order of the same court dated March 3, 2005, which denied her cross motion to amend the complaint to add a cause of action alleging medical malpractice against those defendants.

Ordered that the appeal from so much of the order dated August 20, 2004 as held in abeyance the plaintiff's cross motion for leave to amend the complaint to add a cause of action alleging medical malpractice against the defendants Mike Chou and Long Island College Hospital is dismissed, as that order failed to determine the cross motion (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]); and it is further,

Ordered that the order dated August 20, 2004 is affirmed insofar as reviewed; and it is further,

Ordered that the order dated March 3, 2005 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Mike Chou and Long Island College Hospital, payable by the plaintiff.

The instant action arises out of an operation performed on the plaintiff at Long Island College Hospital (hereinafter the hospital) by Mike Chou, M.D., during which an allograft, later discovered to be contaminated with bacteria, was implanted into the plaintiff's body. The plaintiff commenced this action against, among others, the hospital and Dr. Chou (hereinafter

the respondents), alleging that they negligently enabled the allograft to become contaminated. The respondents moved, in effect, pursuant to CPLR 3211 and 3212 to dismiss the complaint insofar as asserted against them, arguing, inter alia, that the plaintiff should have pleaded a cause of action alleging medical malpractice rather than ordinary negligence. The plaintiff maintained that her allegations sounded in common-law negligence and, in the alternative, cross-moved for leave to amend her complaint to add a cause of action alleging medical malpractice.

In an order dated August 20, 2004, the Supreme Court, inter alia, dismissed the common-law negligence cause of action, finding that the plaintiff's allegations invoked a medical malpractice cause of action rather than ordinary negligence. In the order dated March 3, 2005 the Supreme Court denied the plaintiff's cross motion for leave to amend the complaint.

"The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of facts" (*Russo v Shah,* 278 AD2d 474, 475 [2000] [internal quotation marks and citations omitted]). "[W]hen the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician,'" the claim sounds in medical malpractice rather than simple negligence (*Weiner v Lenox Hill Hosp.,* 88 NY2d 784, 788 [1996], quoting *Bleiler v Bodnar,* 65 NY2d 65, 72 [1985]). Here, the plaintiff's claim that the respondents enabled the allograft to become contaminated during the operative procedure sounded in medical malpractice (*see Rice v Vandenebossche,* 185 AD2d 336, 337-338 [1992]).

The merits of the plaintiff's cross motion for leave to amend the complaint to add a cause of action alleging medical malpractice were supported by, inter alia, an affidavit of a registered nurse, which alleged that the defendants deviated from accepted nursing practice. In the order dated August 20, 2004 the Supreme Court held the plaintiff's cross motion in abeyance for 25 days to allow the plaintiff to submit an affidavit from a physician sufficient to warrant the inference that the hospital and Dr. Chou departed from accepted medical procedure. Thereafter, the plaintiff submitted, inter alia, an affidavit not from a physician, but from the same registered nurse, which was essentially the same as her earlier affidavit.

Had this action been commenced sounding in medical malpractice, the plaintiff's counsel would have been required to file a certificate of merit pursuant to Uniform Rule (22 NYCRR) § 202.56 and CPLR 3012-a, declaring that the attorney had "consulted with at least one physician . . . licensed to practice in this state or any other state" and that there is a "reasonable basis" for the medical malpractice claim (see CPLR 3012-a [a] [1]). The rule serves as a mechanism to assure that the attorney, in bringing the suit, has a reasonable basis to believe that a departure or deviation from the accepted standard of medical care has occurred (Horn v Boyle, 260 AD2d 76, 79-80 [1999]). Significantly, CPLR 3012-a expressly limits attorneys' consultations to licensed physicians, dentists, or podiatrists in actions sounding in medical, dental, or podiatric malpractice, and its language does not extend the minimum permissible consultations to nurses, treatises, or other alternative resources.

Under the circumstances present here, the merits of the plaintiff's proposed amended pleading could only be established through an affidavit of a licensed physician (see Elliot v Long Is. Home, Ltd., 12 AD3d 481, 482 [2004]; Mills v Moriarty, 302 AD2d 436 [2003]; Ortiz v Bono, 101 AD2d 812 [1984]; see also Ettehadieh v Dolan, 283 AD2d 605, 606 [2001]), which the Supreme Court afforded the plaintiff an opportunity to provide but which the plaintiff did not then submit. The acceptance of a lesser form of proof to establish merit, such as a nurse's affidavit alleging that doctors and hospitals deviated from accepted medical practices, would result in lesser evidentiary proof than the physician consultation and certification of merit required of attorneys under Uniform Rule § 202.56 and CPLR 3012-a to assure the reasonable basis of the claim upon commencement of an action. Such an incongruity would be untenable.

The Supreme Court therefore properly denied the plaintiff's cross motion for leave to amend her complaint to add a cause of action alleging medical malpractice, as the plaintiff failed to submit an affidavit of merit from a physician in support of the cross motion, and as her attorney's supplemental affirmation, which did not comply with the requirements of CPLR 3012-a, was insufficient to demonstrate a meritorious claim (see Lucido v Vitolo, 251 AD2d 383 [1998]; Sober v Kalina, 208 AD2d 1140, 1141 [1994]). In any event, the nurse's two affidavits were insufficient, as she did not claim any expertise in dealing with how bacteria is spread (see Hoffman v Pelletier, 6 AD3d 889, 890-891 [2004]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.