■ CARRIE GORDON et al., Appellants, v SEA CREST HEALTH CARE CENTER, LLC, et al., Respondents. [900 NYS2d 905]—

In an action, inter alia, to recover damages for medial malpractice and wrongful death, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated October 27, 2008, as denied that branch of their motion which was for leave to file a certificate of merit pursuant to CPLR 3012-a and for leave to file a notice of medical malpractice action pursuant to CPLR 3406 (a).

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 11, 2007, the plaintiffs filed a summons and complaint against the defendants to recover damages for personal injuries and wrongful death, and the defendants served an answer dated February 7, 2007. By notice of motion dated June 26, 2008, the plaintiffs moved, inter alia, for leave to file a certificate of merit pursuant to CPLR 3012-a and for leave to file a notice of medical malpractice action pursuant to CPLR 3406 (a). In support of the motion, the plaintiffs submitted an affirmed medical report from their expert neurologist.

Had the plaintiffs originally commenced this action sounding in medical malpractice, the plaintiffs' attorney would have been

required to file a certificate of merit pursuant to CPLR 3012-a and 22 NYCRR 202.56 (a) (1) (iii) declaring that the attorney had "consulted with at least one physician . . . licensed to practice in this state or any other state" and that there is a "reasonable basis" for the medical malpractice claim (CPLR 3012-a [a] [1]; *Glasgow v Chou*, 33 AD3d 959, 962 [2006] [internal quotation marks omitted]). Here, the plaintiffs did not file a certificate of merit with the complaint. Although CPLR 2004 vests the Supreme Court with discretion to extend the time to perform any act "upon such terms as may be just and upon good cause shown," the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to file a certificate of merit pursuant to CPLR 3012-a, as the plaintiffs failed to show the existence of "good cause" for an extension of time to file (*cf. Horn v Boyle*, 260 AD2d 76, 78-80 [1999]). *Tewari v Tsoutsouras* (75 NY2d 1 [1989]), relied upon by the plaintiffs, is distinguishable, inter alia, because the defendants did not move to dismiss the complaint pursuant to CPLR 3211 on the ground that the plaintiffs failed to file a timely notice of a medical malpractice action pursuant to CPLR 3406 (a). Consequently, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was for leave to file a notice of medical malpractice action pursuant to CPLR 3406 (a). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.