Garry, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered September 16, 2015 in Ulster County, which, among other things, granted defendants’ motion to dismiss the complaint.
In July 2010, plaintiff Benedict Calcagno was injured in a motor vehicle accident. Defendant David DiMarco thereafter conducted surgery to address a fracture in Calcagno’s right ankle and physical therapy was prescribed. In April 2013, plaintiffs commenced this medical malpractice action alleging *1280 that defendants were negligent in failing to address certain injuries to Calcagno’s ankle in the course of the surgery and in failing to order an MRI at an earlier time.
In August 2013, plaintiffs’ counsel filed a complaint accompanied by a document indicating that the required certificate of merit following consultation with a physician had not been obtained, and that it would be obtained and filed within 90 days after service of the complaint, in accord with CPLR 3012-a. In March 2015, as the certificate of merit remained outstanding despite their requests, defendants moved for dismissal of the action based upon plaintiffs’ failure to comply. Plaintiffs filed a certificate of merit in April 2015 and cross-moved seeking leave for late service. Without addressing the issue of timeliness, Supreme Court granted defendants’ motion to dismiss the action and denied plaintiffs’ cross motion, finding that plaintiffs’ certificate of merit was inadequate. Plaintiffs appeal, and we affirm.
A certificate of merit “merely ensures that counsel has satisfied himself or herself that there is a reasonable basis for the commencement of an action” (Horn v Boyle, 260 AD2d 76, 77 [1999] [internal quotation marks, brackets and citations omitted], lv denied 94 NY2d 762 [2000]). The statute requires counsel to submit a certificate of merit declaring that he or she has consulted with at least one licensed physician who is knowledgeable regarding the relevant issues in the action, has reviewed the facts of the case, and has thus concluded that such a reasonable basis exists (see CPLR 3012-a).
We agree with Supreme Court that the certificate proffered by plaintiffs is inadequate. The allegations of malpractice arise from defendants’ diagnosis and surgical treatment, and the certificate of merit is based upon an affidavit of Calcagno’s physical therapist, who opined, “as a physical therapist,” that defendants’ actions were “departures from good and accepted medical practice.” However, by definition, a physical therapist cannot diagnose and is incompetent to attest to the standard of care applicable to physicians and surgeons (see Howard v Espinosa, 70 AD3d 1091, 1094 [2010]; see also Glasgow v Chou, 33 AD3d 959, 962 [2006]; Tornatore v Haggerty, 307 AD2d 522, 522-523 [2003]). Moreover, we find no merit in plaintiffs’ contention that the certificate of merit should be deemed adequate, as it was also based on certain medical reports, Calcagno’s testimony, and the pleadings. Review of these documents, standing alone, cannot suffice. Expert analysis is required to establish whether there was any departure from established standards of care, and whether any such departure *1281 was the proximate cause of injury to Calcagno (see Mosberg v Elahi, 80 NY2d 941, 942 [1992]; Peluso v C.R. Bard, Inc., 124 AD3d 1027, 1028 [2015]). The statute at issue thus mandates that the requisite expert consultation occur at the earliest opportunity.
We further reject plaintiffs’ contention that the case may be proven by application of the doctrine of res ipsa loquitur, such that CPLR 3012-a need not apply. This doctrine, which permits a factfinder to infer negligence without an expert, is available only in “a narrow category of factually simple medical malpractice cases requiring] no expert to enable the jury reasonably to conclude that the accident would not happen without negligence” (Kambat v St. Francis Hosp., 89 NY2d 489, 496 [1997]; accord States v Lourdes Hosp., 100 NY2d 208, 210 [2003]; see Monzon v Chiaramonte, 140 AD3d 1126, 1128-1129 [2016]). Here, medical review is clearly necessary to establish whether there was any departure from good and accepted medical practice in the performance of the surgical procedure and whether specific testing was properly warranted or indicated. Contrary to plaintiffs’ contention, these are not matters within the knowledge of the average juror or the realm of common sense (see Leone v United Health Servs., 282 AD2d 860, 860-861 [2001]).
Finally, plaintiffs concede that the certificate of merit was filed roughly 17 months late. The mere failure to timely file the certificate does not support dismissal of the action, nor did Supreme Court render its order upon this ground. However, having failed to provide a reasonable excuse for the delay and to reveal a reasonable basis for the action, plaintiffs were not entitled to an extension of time (see CPLR 2004; Horn v Boyle, 260 AD2d at 79; see generally Sisario v Amsterdam Mem. Hosp., 146 AD2d 837, 838 [1989]; compare Dorgan v Dunda, 165 AD2d 949, 949 [1990]).
McCarthy, J.P., Lynch, Rose and Aarons, JJ., concur.
Ordered that the order is affirmed, with costs.