Fortune v New York City Health & Hosps. Corps. (2021 NY Slip Op 01122)





Fortune v New York City Health & Hosps. Corps.


2021 NY Slip Op 01122


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Cynthia S. Kern Angela M. Mazzarelli Tanya R. Kennedy Martin Shulman


Index No. 26389/16 Appeal No. 12833 Case No. 2020-00871 

[*1]Ayalha Carmel Fortune et al., Plaintiffs-Respondents,
v
New York City Health and Hospitals Corporations et al., Defendants-Appellants.






James E. Johnson, Corporation Counsel, New York (Jamison Davies and Jeremy W. Shweder of counsel), for appellants.
William Schwitzer & Associates, P.C., New York (Jason C. Molesso of counsel), for respondents.

Defendants appeal from an order of the Supreme Court, Bronx County (George J. Silver, J.), entered July 17, 2019, which, to the extent appealed from as limited by the briefs, denied defendants cross motion to dismiss the complaint for failure to timely file a certificate of merit pursuant to CPLR 3012-a.


KENNEDY, J. 


The issues on appeal in this medical malpractice action are whether plaintiffs' noncompliance with CPLR 3012-a warrants dismissal and whether such noncompliance constitutes a pleading default, requiring the showing of a meritorious claim through the submission of an affidavit of merit and a reasonable excuse for the delay in order to obtain an extension of time to comply with the statute. For the reasons set forth below, dismissal is not appropriate and a plaintiff is not required to make such a showing.
On June 22, 2015, the 25-year-old male decedent, with a history of mental illness, climbed out onto the ledge of his apartment building's roof with the intent to jump and commit suicide. Responding officers encouraged the decedent to come down from the roof and transported him to Lincoln Medical and Mental Health Center (Lincoln Hospital). The decedent was discharged approximately 23 hours after his admission, and he committed suicide the next day.
On or about August 7, 2015, plaintiff Ayalha Carmel Fortune (administratrix), as the mother and guardian of decedent's minor daughter and proposed administratrix of his estate, served a notice of claim against defendant New York City Health and Hospitals Corporation (HHC) and Lincoln Hospital, alleging claims for personal injuries and wrongful death as a result of Lincoln Hospital's negligence in treating decedent and failing to act in accordance with the Mental Hygiene Law.
On or about September 15, 2016, the administratrix, on behalf of decedent's estate and infant child (plaintiffs), commenced this action against HHC and Lincoln Hospital by filing a summons and verified complaint. Plaintiffs alleged that defendants prematurely discharged decedent from the hospital in violation of good and accepted medical practice and federal, state, and city law, and their failure, among other things, to "properly evaluate the decedent's mental health status," "call in appropriate consults," and "prescribe appropriate medication," contributed to his death.
Rather than attach a certificate of merit to the summons and verified complaint as set forth in CPLR 3012-a(a)(1), counsel certified pursuant to CPLR 3012-a(a)(2) that he was unable to timely obtain a consultation with a physician. Plaintiffs thereafter failed to file the certificate within 90 days of the filing of the complaint as required by CPLR 3012-a(a)(2). Two years later, in response to plaintiffs' motion seeking leave to file [*2]a late notice of medical malpractice action pursuant to CPLR 3406(a), defendants moved to dismiss the complaint for failure to comply with CPLR 3012-a. Defendants argued, as they do now on appeal, that a violation of 3012-a is a pleading defect, requiring plaintiff to submit an excuse for the delay and an affidavit of merit from a physician in order to avoid dismissal.
As relevant to this appeal, the motion court denied defendants' motion to dismiss, concluding that dismissal was not warranted because the statute did not authorize such relief and that plaintiffs were not required to demonstrate a reasonable excuse and a meritorious cause of action. The motion court is correct.
CPLR 3012-a provides that "[i]n any action for medical . . . malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the plaintiff, declaring that: (1) the attorney has reviewed the facts of the case and has consulted with at least one physician . . . who is licensed to practice in [any] state . . . and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action; or (2) the attorney was unable to obtain the consultation required . . . because a limitation of time . . . would bar the action and that the certificate . . . could not reasonably be obtained before such time expired. If a certificate is executed pursuant to this subdivision, the certificate required by this section shall be filed within ninety days after service of the complaint" (see CPLR 3012-a[a][1] and [2]).
To determine the issues on this appeal, we must review the precedent upon which this Court has relied when addressing CPLR 3012-a violations, which starts with Santangelo v Raskin (137 AD2d 74 [2d Dept 1988]).
In Santangelo v Raskin, the Second Department held that a plaintiff's failure to comply with CPLR 3012-a constituted a pleading default, which in order to vacate, required the showing of a meritorious cause of action and a reasonable excuse for the default (137 AD2d at 78-79). The Court noted that dismissal was not explicitly authorized by the statute but relied on the legislative intent, which was to deter the commencement of frivolous actions, in determining that, absent a reasonable excuse and meritorious action, dismissal for failure to comply with 3012-a was appropriate (id.). The Court also analogized CPLR 3012-a with CPLR 3012, which expressly provides for dismissal where a complaint is not properly served, and noted that a party was required to set forth a reasonable excuse for the default and a meritorious claim to avoid such sanction for noncompliance as further support for its decision (id. at 79).
This same reasoning was applied in Tewari v Tsoutsouras (140 AD2d 104 [2d Dept 1988]), wherein the Second Department held that notwithstanding [*3]the fact that dismissal was not explicitly authorized by statute, the failure to comply with CPLR 3406(a), would result in a dismissal absent a showing of a reasonable excuse and a meritorious claim.? CPLR 3406(a) mandates a plaintiff in a medical malpractice action to "file with the clerk of the court in which the action is commenced a notice of dental, medical or podiatric malpractice action, on a form to be specified by the chief administrator of the courts."
The?Court of Appeals overturned the Tewari decision finding that the failure to comply with CPLR 3406(a) did not warrant dismissal because the statute did not specifically authorize that sanction (Tewari v Tsoutsouras, 75 NY2d 1 [1989]). The Court of Appeals also held that failure to timely file a CPLR 3406(a) notice could not be analogized to a pleading default and thus did not require a showing of a reasonable excuse and a meritorious action to obtain an extension of time to comply (id. at 12-13).?
Subsequently, in Kolb v Strogh (158 AD2d 15, 16 [2d Dept 1990]), the Second Department again reviewed whether dismissal was required when a plaintiff failed to comply with CPLR 3012-a and did not establish a reasonable excuse and a meritorious claim. Applying the Tewari reasoning, the Second Department noted that "[a] procedural default may be punished only by means which are specifically authorized by statute or by rule" and since CPLR 3012-a is devoid of language permitting dismissal, it was not an appropriate sanction (158 AD2d at 16). The Second Department concluded that although Tewari addressed a CPLR 3406 violation and "thus did not explicitly overrule [the] holding in Santangelo, it did explicitly overrule the type of reasoning by analogy upon which [the] Santangelo decision was based" (id.at 20). Consequently, the Court concluded that it would no longer follow the rationale of its decision in Santangelo.
The Fourth Department followed suit with its ruling in Dye v Leve (181 AD2d 89 [4th Dept 1992]), holding in agreement with the Second Department, "that a failure to comply with?CPLR 3012-a?is analogous to noncompliance with?CPLR 3406(a)[,] that the sanction of dismissal is therefore unwarranted" and that it also would no longer follow precedent that is "not in accord with this determination" (id. at 90), including its decision in Matter of Prince v State of New York (149 AD2d 963 [4th Dept 1989]).
This Court's precedent has, either directly or indirectly, followed the precedents of the Second Department in Santangelo, and the Fourth Department in Prince, concluding that dismissal is an appropriate sanction for violating CPLR 3012-a (see Blasoff?v New York City Health & Hosps. Corp., 147 AD3d 481 [1st Dept 2017] citing Perez v?Lenox?Hill Hosp., 159 AD2d 251 [1st?Dept 1990][which cites Prince and Santangelo]; Grad v?Hafliger, 68 AD3d 543, 544 [1st Dept 2009] citing George?v St. John's Riverside Hosp., 162 AD2d 140, 140 [1st Dept 1990][which?cited?Santangelo]; George?v St. [*4]John's Riverside Hosp., 162 AD2d 140 citing Santangelo, supra; and Perez v?Lenox?Hill Hosp., 159 AD2d 251 citing Prince, supra; Santangelo, supra).
However, both Santangelo and Prince have been overruled by their respective Departments in light of Tewari (see Dye v Leve, 181 AD2d at 90; Kolb v Strogh, 158 AD2d at 19). Conversely, in Bowles v State of New York (208 AD2d 440 [1st?Dept 1994]), this Court relied on?Kolb?and?Dye?and concluded that "the proper sanction at this stage of the proceedings [for failure to file a CPLR 3012-a certificate, is] not dismissal, but to afford the claimant 30 days to comply with the statute" (id at 443).
The reasoning set forth in Kolb and Dye,as outlined above, is correct. The failure to comply with CPLR 3012-a is analogous to noncompliance with CPLR 3406(a), which was reviewed in Tewari. As the Court of Appeals emphasized, "the courts of this State are empowered to grant the sanction of dismissal only when it has been authorized either by the Legislature or by court rules consistent with existing legislation" (Tewari, 75 NY2d at 7). Had the legislature intended to permit dismissal for failure to comply with CPLR 3012-a, the statute would empower the court to do so (see e.g. CPLR 3012-b [permitting dismissal for failure to file a similar certificate in foreclosure actions]; see also Tewari,75 NY2d?at 12-13). Accordingly, the sanction of dismissal is not authorized and to the extent that this Court's decisions in Blasoff?v New York City Health & Hosps. Corp. (147 AD3d 481), Grad v?Hafliger (68 AD3d 543), George?v St. John's Riverside Hosp. (162 AD2d 140), and Perez v?Lenox?Hill Hosp. (159 AD2d 251) are not in accord with the foregoing, they should no longer be followed.
Moreover, generally, a showing of a meritorious action and a reasonable excuse is required to vacate a pleading default and the failure to make this showing necessarily mandates dismissal of the pleading.? However, since this sanction is improper in the context of a CPLR 3012-a violation, it follows that the failure to comply with this provision is not a pleading default and a plaintiff is not required to make this showing (see?Kolb, 158 AD2d at 21?["[I]n light of the literal approach taken by the?Tewari?court, a failure to comply with?CPLR 3012—a?cannot be considered a failure to state a cause of action, which is curable upon a showing of merit"]; see also Tewari, 75 NY2d at 12). Additionally, similar to the CPLR 3406 notice reviewed in Tewari, the 3012-a certificate is not a pleading requirement because it "does not serve to apprise the adversary of a pending cause of action and imposes no obligation upon the adversary which may result in a default judgment against him or her" (Tewari, 75 NY2d at 12). Accordingly, a showing of a meritorious action through the submission of an affidavit of merit and a reasonable excuse for failing to comply with CPLR 3012-a is not required to obtain an extension of time to comply with the statute. In [*5]this regard, the motion court was within its authority pursuant to CPLR 2004 to extend plaintiff's time to file the 3012-a certificate without the submission of a physician's affirmation.
The foregoing conclusion is not only mandated by Tewari, but serves to foster consistency and dispel any confusion surrounding this Court's precedents concerning a violation of CPLR 3012-a. This finding, however, does not excuse a plaintiff from the failure to comply with CPLR 3012-a or leave a defendant in a medical malpractice action without recourse. Rather, the appropriate course is to request a conditional order compelling compliance, which can result in dismissal of the action at the discretion of the court (see CPLR 3126[3]; see also Tewari, 75 NY2d at 13-14 [Kaye, J., concurring]; Bowles v State of New York, 208 AD2d at 443).?
Plaintiffs' remaining arguments are unpreserved and, in any event, unavailing. A review of the pleadings shows that the claims sound in medical malpractice and thus are subject to the requirements of CPLR 3012-a.
Accordingly, the order of the Supreme Court, Bronx County (George J. Silver, J.), entered July 17, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' cross motion to dismiss the complaint for failure to timely file a certificate of merit pursuant to CPLR 3012-a should be affirmed, without costs.
Order, Supreme Court, Bronx County (George J. Silver, J.), entered July 17, 2019,
affirmed, without costs.
Opinion by Kennedy, J. All concur.
Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021